# Holloway *v.* Frick, Appellant.

*Evidence—Written contract—Substitution of parol contract.*

The parties to a written contract may subsequently abandon, modify or change it, or substitute a new contract. And this may be shown by parol, by showing either an express agreement, or actions necessarily involving the alteration.

For this purpose, evidence of the negotiations which led up to the written agreement is admissible, to show the reason for its being made as it

was and to sustain the allegation of a change when the reason ceased to exist.

*Evidence—Partnership—Quantum of interest.*

Where a defendant contends that his interest in a partnership of which the plaintiff and himself were two of the members was greater than the interest of plaintiff but has testified that his interest and that of the third member were equal, evidence that the interest of the third member was one third is admissible in support of plaintiff's contention that the three were equal partners.

*Evidence—" Original or wholesale cost."*

Where a partnership has bought out a running business, and the agreement of dissolution of the partnership provides for an inventory of the stock " at the original or wholesale cost thereof," this means the price when the goods were originally bought, whether by the partnership or their predecessors. Especially is this so when there is evidence that a large quantity of these goods were inventoried at these prices a short time before the sale to the partnership.

Argued March 1, 1892. Appeal, No. 196, July T., 1891, by defendant, Wm. C. Frick, from judgment of C. P. Montour Co., May T., 1890, No. 38½, on verdict for plaintiff, W. K. Holloway. Before STERRETT, GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Issue to determine amount due by defendant on confessed judgment for $10,000.

The judgment bond was in the sum of $10,000, conditioned for the payment of a balance, to be ascertained, due by defendant to plaintiff on the purchase of plaintiff's interest in the firm of W. K. Holloway & Co. Judgment having been entered on the bond and execution issued, on application of the defendant, the court below awarded this issue. At the trial before IKELER, P. J., the verdict was for the plaintiff in the sum of $10,000.

*Edward Sayre Gearhart* and *S. P. Wolverton,* for appellant.

*H. M. Hinckley,* with him *W. J. Baldy,* for appellee.

OPINION BY MR. JUSTICE MITCHELL, May 9, 1892:

The specifications of error are thirty-three in number, and fill one hundred and twelve printed pages. It would be profitless to discuss them in detail.

The main burden of the argument is against the admission of parol evidence to show a different contract from the one in

writing signed by the parties in April 1887.   It is claimed that as no fraud or mistake is alleged, it was not competent to vary this contract by parol evidence.   The principle however has no proper application to the present case.   It is always competent for the parties to a written contract to show that it was subsequently abandoned in whole or in part, modified, changed, or a new one substituted.   And this may be shown by parol, by showing either an express agreement, or actions necessarily involving the alteration.   In the present case the plaintiff, the defendant and one Howe, entered into partnership in April 1887 and by the written terms of agreement plaintiff was to furnish one fourth of the capital, each of the others three eighths, and the profits were to be divided in the same ratio.   Plaintiff claimed that this agreement was never carried out and that by the terms of the partnership actually entered into the interest of each partner was one third.   It is the admission of evidence to sustain this claim that is argued to be error.   But such evidence was clearly competent.   It was not offered to contradict or vary the contract shown in the writing.   On the contrary plaintiff's contention was that the writing represented correctly the contract as it was at the time, but that it was subsequently altered, and he gave as the reason for the alteration the original expectation that two other parties, Barr and Coxe, were each to have an eighth interest, to be deducted from the interests of defendant and Howe, so that each of the three nominal partners should have an equal one fourth, and the two silent partners the other fourth between them.   The two others however did not come into the enterprise, and plaintiff's contention was that the written agreement was then modified to the extent that the shares of the three partners were still to be equal, but thirds instead of quarters.   This was not contradicting the writing but showing a subsequent modification of the contract contained in it.   Such evidence was competent.   It raised a question of fact, which the jury have found in plaintiff's favor.

The same considerations sustain the admission in evidence of the negotiations which led up to the written agreement of April 1887.   They were not introduced to contradict or supplement the writing, but to show the reason it was made in the way it was, and thereby to sustain the allegation that the arrangement was changed by the parties when that reason ceased to exist.

The testimony as to the share of Howe and as to his sale of a part of it to Rodenhoffer was relevant. The contest was upon the quantum of plaintiff's interest in the firm, and one way of showing it was by showing the interests of the other partners. The defendant testified at one point that his interest and Howe's were equal, and the agreement of sale by Howe to Rodenhoffer tended to show that Howe's interest was twenty sixtieths, or three ninths instead of three eighths as the writing of April 1887 fixed it. This tended to support plaintiff's claim of a change in that agreement and was therefore germane to the issue before the jury.

The only other point that needs to be separately noticed, is the valuation of certain goods in the inventory. The contract of dissolution of partnership provides for an inventory of part of the stock " at the original or wholesale cost thereof," and defendant contends that that means the cost Holloway & Co. paid for it. The learned judge below declined to adopt this construction. The phrase is not free from obscurity. If the cost to Holloway & Co. had been meant it would have been easy and natural to say " cost to the firm," or " actual cost " or some equivalent phrase. The use of the word original seems to mean something more, and to require us to go behind the price paid by the firm to an earlier or original price. Prima facie therefore it would seem to mean the price when the goods first, i. e. originally, were bought for the purpose of being made part of the stock of the store, whether by Holloway & Co. or by their predecessors in the business. This would seem to be the original price of the goods considered as part of the stock to be inventoried with reference to which the words were used in the writing. It is said that when the firm bought the stock from the Montour Co. there was a large quantity of goods marked at the wholesale cost prices paid for them by the Montour Co., and that these goods had been inventoried at these prices a short time before the sale. Such evidence would strongly confirm the construction we have adopted, but even without it, that construction seems to be the most natural meaning of the words used. The correctness of the inventory was a question of fact for the jury and we do not find any error in the manner in which it was submitted to them.

Judgment affirmed.