Walter H. Kendig, Henry W. Myers and John E. Cobaugh, trading as W. H. Kendig & Company, Appellants, *v.* George Roberts.

*Contract—Contradictions in written contract—Parol testimony—Province of court and jury.*

Where a written contract refers to plans, specifications, drawings and a bill of items, and it appears upon inspection that the bill of items is contradictory of the specifications and drawings, parol testimony is admissible to determine which paper was intended by the parties to govern, and the question is one of fact for the jury, and not one of construction of written terms for the court.

Argued May 30, 1898. Appeal, No. 3, May T., 1898, by plaintiffs, from judgment of C. P. Dauphin Co., Jan. T., 1897, No. 299, on verdict for plaintiffs. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on a building contract. Before McPHERSON, J.

At the trial it appeared that on October 30, 1895, plaintiffs entered into a contract with defendant to furnish the lumber and mill-work necessary for the construction of twelve houses. The contract referred to plans, specifications, drawings and a bill of items. The bill of items called for less material than was called for by the specifications and drawings. Plaintiffs claimed to recover $1,445.66.

The court charged in part as follows:

[We instruct you that if Kendig & Co. had in their possession at the time their bid was made these complete specifications, they are not entitled to recover in this case except for such material as they furnished upon changes made in the plans after the contract was entered into; and the reason for that is, because these specifications contain this provision at the end: " Finally, it is understood and agreed upon, that no extras will be allowed under any circumstances unless the same is agreed upon and put in writing." There is no agreement in writing as to the items claimed as extras in this case; and therefore if

the plaintiffs did have notice or knowledge of these specifications, they must be held under the terms of this contract to have made their contract under the terms of the specifications as well as the plans, and they are bound by that provision which I have just read to you. Therefore, they cannot recover for any part of their claim for extras, except for so much as may have included changes made after this contract was entered into.] [1]

[In addition to these specifications and plans in their possession they also had a bill of items. Two papers are presented here, and there is some controversy as to which was in their possession, and which was furnished to them by Mr. Kline. The jury will decide that question. At all events they had one of these papers, either the original bill of items, or the revised bill of items, before they made their bid, and the jury will decide which one it was. Now the contract goes on to say—and I will read the clause immediately following the one I have already read—" Now this agreement witnesseth that the said party of the first part " (that is to say Kendig & Co.) " hereby covenants and agrees to furnish the lumber and mill-work needed and necessary in the erection and construction of the said twelve houses according to the bill of items, plans and drawings furnished the said party of the first part by the said party of the second part. . . . The question therefore for the jury to consider—and there is a question here for the jury to consider—is with reference to this matter of the bill of items ; and the jury, as I understand it, will have to determine what weight ought to be given to the bill of items which the plaintiffs had in their hands when they made their bid. I instruct you that this contract makes the plans and drawings and whatever specifications were furnished to Kendig & Co. part of the contract, and it also makes the bill of items part of the contract, and I repeat this—these papers are all part of the agreement between the parties.] [2]

Verdict for plaintiffs for $248.15.

On a motion by plaintiffs for a new trial, McPHERSON, J., filed the following opinion :

From the size of the verdict it is clear that the jury took the defendant's view of this dispute and found that the plaintiffs

had complete, and not imperfect, plans and specifications in their hands when the contract was made. They must have found also that the plaintiffs agreed to furnish the lumber called for upon the complete plans and specifications, and that they have received the contract price for all this lumber. The verdict is evidently for whatever material was furnished upon certain changes of plan made after the contract was signed; the remainder of the plaintiffs' claim being rejected, because the lumber charged therein was embraced in the contract and therefore has already been paid for in full.

How much material was to be furnished under the plaintiffs' original undertaking, was the vital point to be decided. In part, the decision depended on the written contract, and this the court construed as far as possible; but, owing to the contradiction between certain of its terms, parol testimony concerning the scope of the transaction became necessary, and the controversy upon this point could only be decided by the jury. The contradiction arose out of the fact that, while the contract referred to plans, specifications, drawings and a bill of items, so as to make these papers part of the agreement, they were found upon inspection to be unlike in several respects. The bill of items called for less material than was called for by the specifications and drawings, and therefore it became essential to determine which paper was intended by the parties to govern. This was a question, not of construction—for the written terms were contradictory, and could not be reconciled—but of fact, and could only be decided by a jury. The court could not decide it, for the words of the contract gave as much, and as little, aid to the one party as to the other, and the oral testimony was in direct conflict.

Neither, upon a review of the charge, do we find any error in the manner of submission. Indeed, no complaint is made in this respect; and therefore, unless the court is prepared to say that the written contract must be construed as the plaintiffs desire, a new trial would be useless. Being still unable to take this view, we are obliged to refuse the pending motion.

The prothonotary is directed to enter judgment upon the verdict on payment of the jury fee.

*Errors assigned* were (1, 2) portions of charge as above, quoting them.

*Swartz Bros.*, with them *B. F. Etter*, for appellants.—The bill of items was specific in its character, and by it the plaintiffs knew exactly what could be required of them under the contract, and made their bid accordingly. They were not obliged to ascertain by calculation, from the plans and specifications, how much lumber and mill-work would be required to finish and complete the twelve buildings.

The entirety of a contract depends on the intention of the parties ; not on the divisibility of the subject : Shinn v. Bodine, 60 Pa. 182 ; Codding v. Wood, 112 Pa. 371.

*Howard L. Calder*, with him *A. Wilson Norris* and *John E. Fox*, for appellee.

Per Curiam, July 21, 1898 :

This case was ably and correctly tried. Our consideration of the record, with special reference to each of the specifications, has satisfied us that neither of them can be sustained. All that can be profitably said in relation to either of the questions involved is contained in the opinion of the learned trial judge refusing the motion for new trial and directing judgment on the verdict.

For reasons there given the specifications are overruled and judgment affirmed.