## Phillips v. American Cement Tile Manufacturing Company, Appellant.

*Contract—Written instrument—Evidence—Modification of contract.*

A presumption which is almost conclusive is, that when work is commenced under a written contract providing for its compensation, it is prosecuted to the end for such compensation, and this presumption is not to be overcome by less proof than is required to vary, modify or contradict a written agreement on the ground of the omission from it, by fraud, accident or mistake, of a contemporaneous parol agreement; but this rule does not apply where the variation is not from the compensation, but from the work to be performed.

It is always competent for the parties to a written contract to show that it was subsequently abandoned in whole or in part, modified, changed or a new one substituted. And this may be shown by parol, by showing either an express agreement, or actions necessarily involving the alteration.

Argued Oct. 17, 1907. Appeal, No. 117, Oct. T., 1907, by defendant, from judgment of C. P. Armstrong Co., June T., 1906, No. 33, on verdict for plaintiff in case of John Phillips v. American Cement Tile Manufacturing Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN, and STEWART, JJ. Affirmed.

Scire facias sur mechanic's lien. Before PATTON, P. J.

At the trial when John Phillips was on the stand he was asked this question:

"Q. Was this written contract abandoned?"

Objected to as incompetent.

"Q. What was done at that time, at the time you quit, what took place at the time you quit work under the written contract?"

Defendant's counsel object to the question and call for a proposition.

Plaintiff's counsel propose to prove that a verbal contract to continue the work on the buildings mentioned in the written contract, was entered into between the plaintiff and the American Cement Tile Manufacturing Company, on or about Octo-

ber 5, 1905, for the purpose of proving that a verbal contract was entered into at that time, and that such verbal contract was substituted for the written contract.

Defendant's counsel object to the offer as incompetent and irrelevant, the plaintiff having declared on the written contract, the execution of which must be shown, that it was canceled. The agreement referred to by the plaintiff purporting to have been made in October, is long after the time specified in the written contract, at which the work was to be completed. It is further objected to that the written agreement cannot be altered, changed or amended by parol agreement, the original agreement still subsisting. It is not claimed in the offer to show any power or authority to alter, change or abrogate the original contract.

The Court: We will hear the testimony for the present and determine hereafter, whether or not it is sufficient to modify the written contract. The objection is overruled for the present and a bill of exceptions is sealed to the defendant. [1]

" Q. Name some of the contracts previous to that ?

Defendant's counsel object to the testimony as incompetent and irrelevant.

The Court : What is the purpose of that?

Plaintiff's counsel say it is for the purpose of showing the previous course of business between the plaintiff and the defendant, and to show that Joseph Freund had authority to enter into the verbal contract of October, 1905.

Defendant's counsel say, the parties having chosen to reduce their contract to writing, signed and sealed by them, it is incompetent and irrelevant to show the making of another contract not connected with this job.

The Court : We will hear it for the present ; we will allow the plaintiff to put in his whole case. The objection is overruled and a bill of exceptions is sealed to the defendant. [2]

" Q. Look at the statement of items, the detailed statement of labor furnished under the agreement of October 5, 1905, attached to your lien in this case, and state whether that is a correct statement ? (Paper shown witness.)

Defendant's counsel object to this evidence as incompetent and irrelevant.

The Court : We will get that generally ; it is not denied by

the affidavit of defense.    Ask the witness if he actually paid the money to those people.

Defendant's counsel object to this evidence as incompetent and irrelevant.

The Court : The objection is overruled, the evidence admitted, and a bill of exceptions is sealed to the defendant. [3]

Defendant's counsel propose to show by the witness on the stand (R. C. Beatty) that Mr. Phillips did not do the work under his contract satisfactorily, and that they compelled the defendant to complete the job before settling with them and the amount of work that was done by Phillips at the time he quit, and that he abandoned the contract, this for the purpose of rebutting the testimony on the part of the plaintiff.

Plaintiff's counsel object to the offer as incompetent and irrelevant.

The Court : The objection is sustained ; we do not think it is competent under the pleadings, the offer is rejected and a bill of exceptions is sealed to the defendant. [4]

Defendant presented this point :

That under all the evidence in the case the verdict of the jury must be in favor of the defendant. *Answer :* That point is refused ; we say to you that all the questions are for the jury. [5]

The court charged in part as follows :

[It is not necessary here to prove it by clear, precise and indubitable evidence, but he is bound to prove to your satisfaction before he can recover, by a preponderance of the testimony, that this contract was changed.   Gentlemen, has the plaintiff convinced you, by a preponderance of the testimony, that this written contract, for $2.00 a square, was changed on October 5, 1905, to a contract to do the work by the day ?] [6]

[The question for you, gentlemen, to decide is, which version of this matter is right.   If the plaintiff has convinced you, by a preponderance of the testimony, that this contract was changed from a contract by the square to a contract to work by the day, then he is entitled to recover.   If he has not convinced you, by a preponderance of the testimony, that the contract was so changed, then your verdict should be for the defendant.

Same day, in open court, after jury retired and before ver-
dict rendered, the defendant's counsel take an exception to
the general charge of the court, and to the refusal by the
court of the defendant's point, and request the court to di-
rect the reporter to transcribe his notes of the charge, the
points and answers of the court thereto, into longhand, and
file the same, properly certified, of record in this case. The
court grants the exceptions asked for, directs the reporter to
transcribe his notes as requested, and seals a bill of exceptions
to the defendant.] [7]

Verdict and judgment for plaintiff for $1,580.94. Defend-
ant appealed.

*Errors assigned* were (1, 4) rulings on evidence, quoting the
bill of exceptions ; (5–7) above instructions, quoting them.

*M. F. Leason* and *S. H. McCain*, for appellants.—The writ-
ten contract expressed the full intention of the parties ; there
was no ambiguity, fraud, accident or mistake : Dickson v. Hart-
man Mfg. Co., 179 Pa. 343 ; Hyatt v. Johnston, 91 Pa. 196 ;
Harrold v. McDonald, 194 Pa. 359 ; Pioso v. Bitzer, 209 Pa.
503 ; Keystone Axle Co. v. Leyda, 188 Pa. 322 ; Strickland
v. Isett, 186 Pa. 280 ; Gibbs v. School Dist., 195 Pa. 396 ;
Wyckoff v. Ferree, 168 Pa. 261.

If the parol contract as set forth by Phillips was ever en-
tered into by the parties, the defendant should have been
able to show some ratification of it by the appellant : Sword
v. Reformed Congregation, 29 Pa. Superior Ct. 626.

*C. E. Harrington*, with him *James G. Marks*, for appellee.—
The first assignment of error raises the question whether it is
competent for a party to a written contract to show the aban-
donment of such written contract by proof of a separate, dis-
tinct and complete agreement, entered into orally between
the same parties some five months after the execution of the
written contract, upon a new consideration and to meet con-
ditions arising during the progress of the work, and not con-
templated by the written contract. Under the authorities
this question can be answered only in the affirmative : Ma-
lone & Son v. Railroad Co., 157 Pa. 430 ; Crawford v. Belle-

vue, etc., Gas Co., 183 Pa. 227 ; Beatty v. Larzelere, 194 Pa. 605 ; Green v. Paul, 155 Pa. 126 ; Holloway v. Frick, 149 Pa. 178 ; Marshall Co. v. Traction Co., 138 Pa. 266 ; Wilgus v. Whitehead, 89 Pa. 131 ; Bryant v. Stilwell, 24 Pa. 314; Reber v. Brownback, 27 Pa. Superior Ct. 471 ; Bernheisel v. Smothers, 5 Pa. Superior Ct. 113.

OPINION BY MR. JUSTICE BROWN, March 2, 1908 :

On May 16, 1905, the appellee, as a subcontractor, entered into a written contract with the appellant to do certain roofing for it, for which it was to furnish the material. The clauses in the contract which are material in passing upon the assignments of error are the following : " The sub-contractor is to receive $2.00 per square for all exposed roofing, siding and gutters which he erects. . . . Should there be any deviation from the specifications as contracted for between the Pittsburg Plate Glass Company and the American Cement Tile Manufacturing Company, then the sub-contractor shall receive all benefits therefrom. . . . Poorly fitting, badly warped or broken title shall be considered imperfect and shall not be placed on roof."

The appellee commenced work under his contract on June 17, 1905, and continued to work under it until about October 5, following, when, according to his testimony, the clause providing for his compensation was abandoned and the appellant made a new parol agreement with him that thereafter he should charge a per diem compensation for himself and each man that worked on the building. Appellant's main contention is that the court ought not to have submitted to the jury the question of the change of the terms of appellee's compensation, because the only evidence of it was his unsupported testimony. No witness was called to corroborate him, and he was contradicted by the two called by the appellant, with one of whom—its vice-president—he testified that the new agreement as to compensation had been made. If the question was simply one of the substitution of a new parol agreement for a per diem compensation for the work called for in the written contract, the contention of the appellant as to the insufficiency of the evidence to show that the clause as to compensation had been changed would have to be sustained. A

VOL. CCXX—10

presumption which is almost conclusive is, that when work is commenced under a written contract providing for its compensation, it is prosecuted to the end for such compensation, and this presumption is not to be overcome by less proof than is required to vary, modify or contradict a written agreement on the ground of the omission from it, by fraud, accident or mistake, of a contemporaneous parol agreement. By written contracts alone can disputes between contracting parties, as a rule, be avoided and the rights of each protected ; but no reliance can be placed upon them, if, for work commenced, prosecuted and finished under them, different compensation than that provided for in them for such work may be claimed and recovered upon the unsupported testimony of the contracting workman, that during the continuance of the work the employer had made a parol agreement with him for such different compensation. When the compensation clause in a written contract is to be wiped out altogether and a new parol agreement substituted for it, the rule as to the measure of proof required to vary, modify or contradict a written agreement is to be applied with unabated rigor.

This appellee is not claiming different compensation from that fixed in the agreement for the work which it called for, but for different work. He is not attempting to alter the written agreement as to his compensation, but to show that a new agreement was made to compensate him for work different from that which he was to do under it. In it there is an express provision that " poorly fitting, badly warped or broken tile shall be considered imperfect and shall not be placed on roof." The tile was furnished by the appellant, and the testimony of the appellee is that about October 5, he discovered that what had been sent to him did not fit ; that he so notified the secretary and treasurer of the company ; that the vice president came and saw the condition of affairs and asked him what he would suggest ; that he replied that the best thing to do was to substitute galvanized iron ; that the vice president said the materials they had furnished had cost too much money to be abandoned, and asked if there was any possible way to use them ; that he replied that the only way to use them was to cut them with a hammer and chisel, but that it would take a long time to do so, and that he would have to

charge a day's work if he would have to cut them, instead of $2.00 per square; that he said he could not place the plates and gutters according to the written contract, and that thereupon he was told to go on and finish the work at a per diem compensation. Freund, the vice president, admits that, if the plates had to be cut, such work was not contemplated by the written contract; and he further admits that the appellee, on one occasion, showed him a piece which had to be cut and that he told him to cut it. The testimony of the appellee, that he was compelled to cut the tiles to make them fit, is uncontradicted. He admittedly did different work from that called for in the contract, and for doing it he was entitled to different compensation from that fixed in the contract, even if it had not provided that for any deviation from the plans and specifications he should receive all benefits therefrom. His testimony was, therefore, simply as to what had been agreed upon between him and the appellant as to proper compensation for work which he admittedly did and which admittedly was not within the terms of the written agreement. This being the situation, the court properly submitted the question of the agreement of the appellant to pay the appellee a per diem compensation as one of fact to be determined by the jury from what they regarded as the preponderance of the testimony. "It is always competent for the parties to a written contract to show that it was subsequently abandoned in whole or in part, modified, changed or a new one substituted. And this may be shown by parol, by showing either an express agreement, or actions necessarily involving the alteration:" Holloway v. Frick, 149 Pa. 178. The 5th, 6th and 7th assignments are overruled. In the first four assignments, complaining of the court's ruling on offers of evidence, we can discover no error, and they, too, are dismissed.

Judgment affirmed.