# Philadelphia *v.* Ray, Receiver, et al., Appellants.

*Principal and surety—Corporation acting as surety for profit—Change in contract—Defense.*

1. A corporation engaged in the business of suretyship for profit, can not successfully defend merely because of a change in the contract insured; it must prove the change was material and prejudicial.

*Practice, C. P.—Trial—Parol evidence—Credibility of witness for jury.*

2. Where the evidence is in parol, and the parties do not agree otherwise, the credibility of the witnesses must be submitted to the jury.

*Practice, Supreme Court—Statement of questions involved—Assignments of error—Exceptions—Quoting record.*

3. The only matters reviewable by the Supreme Court are those referred to in the statement of questions involved.

4. Assignments of error to portions of the charge which are not supported by exceptions, will be overruled.

5. Assignments of error specifying alleged error without quoting the record, will be overruled.

Argued January 14, 1920. Appeal, No. 180, Jan. T., 1920, by defendants, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1917, No. 4452, on a verdict for plaintiff in case of City of Philadelphia v. Chester P. Ray, Receiver of the Newton Paving Company, and the United States Fidelity & Guaranty Company. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit by a municipality on a paving contract and the accompanying bond of a surety company. Before WESSEL, J.

The plaintiff sought to recover the difference between the contract price and the amount actually paid under a subsequent contract with another company for the same work after the defendant company had refused to proceed with the work. Verdict for plaintiff in sum of $4,151.67.

The court overruled defendants' motion for a new trial and for judgment non obstante veredicto and entered judgment on the verdict. Defendants appealed.

*Errors assigned* were (1-3) portions of the charge, quoting them but without quoting exceptions, (4-7) refusal of defendants' points for binding instructions, quoting points and answers, (8) dismissal of motion for judgment for defendant n. o. v., (9-12) specifying alleged errors, but without quoting the record.

*Ruby R. Vale,* with him *Bayard Henry,* for appellants. —The contract between the city and the Barber Asphalt Paving Company is materially different from the contract between the city and the Newton Paving Company: Young v. American Bonding Co., 228 Pa. 373; Hartman v. Ins. Co., 21 Pa. 466; Murphy v. Prudential Ins. Co., 205 Pa. 244.

Nothing is involved but the mere interpretation of the contract, and this is the function of the court and the jury: Robinson v. Myers, 67 Pa. 9; Nesbitt v. Turner, 155 Pa. 429; Clark v. Eckstein, 22 Pa. 507.

The facts being free of doubt and not in dispute, the question of materiality is of law for the court and not of fact for the jury: Elliott v. Wanamaker, 155 Pa. 67; Lutz v. Metropolitan L. Ins. Co., 186 Pa. 527; Murphy v. Prudential Ins. Co., 205 Pa. 444; Rigby v. Metropolitan Life Ins. Co., 240 Pa. 332.

Because of material variance between the contracts, the surety is relieved of liability: Robbins v. Robinson, 176 Pa. 341; Tull v. Serrill, 1 W. N. C. 373; Whelen v. Body, 114 Pa. 228; Brez v. Warner, 9 W. N. C. 45; Yohn v. Shumaker, 5 Pa. Superior Ct. 320.

*Marshall A. Coyne,* Assistant City Solicitor, with him *John P. Connelly,* City Solicitor, for appellee, cited: Young v. American Bonding Co., 228 Pa. 373.

Opinion by Mr. Justice Simpson, February 2, 1920:

The Newton Paving Company, whose receiver in bankruptcy is one of the defendants in this case, entered into a contract with the City of Philadelphia for the paving of a public street, and gave to the city a bond conditioned for the faithful performance of the contract, with the other defendant, the United States Fidelity and Guaranty Company, as surety thereon. The contract provided, inter alia, that the binder, consisting of stone and asphaltic cement, should be so made as to "contain bitumen in quantity from three to five per cent of the mixture." The paving company having defaulted, the city readvertised for bids, and awarded the contract to the Barbour Asphalt Paving Company, the lowest responsible bidder, at a price in excess of the original contract. This later contract varied from the first in that it required the bitumen in the binder to be "from four to six per cent of the entire mixture." The city sued on the bond to recover the loss which it suffered, and defendants averred four differences between the two contracts, the one above referred to, however, being the only one urged on this appeal. In the court below they presented a point for binding instructions which was refused, and a verdict having been rendered for the city for the full amount of its claim, made a motion for judgment non obstante veredicto which was overruled, judgment was entered on the verdict and this appeal followed. The refusal of the point and the dismissal of the

motion are the only matters referred to in the statement of the questions involved, and, under Rule 34, the only ones to be reviewed by us.

Appellants frankly admit that a corporation engaged in the business of a suretyship for profit, cannot successfully defend a suit merely by showing a change in the contract, whether beneficial or otherwise, as is the rule in an ordinary suretyship (Bensinger v. Wren, 100 Pa. 500; Nesbitt v. Turner, 155 Pa. 429; Schroyer v. Thompson, 262 Pa. 282), but must prove also that the change is material and prejudicial (Young v. American Bonding Co., 228 Pa. 373); and they claim the foregoing change was of that character. We cannot so rule as a matter of law, however, for the evidence on the subject was uncertain and inconclusive.

Three witnesses testified to the obvious fact that six per cent of asphalt would cost more than five per cent, two of them adding that, aside from labor, it was the most expensive material used in paving, one of the witnesses qualifying this statement by saying this was probably so in 1916, though at the time of the trial stone was more expensive. The important inquiry, however, related to the summer of 1917, when the new contract was made, and the question at issue was whether the resultant mixture of stone and asphalt, including the labor necessary to produce it and place it, would have been more expensive under the new contract in 1917 than under the one of 1916 had it been readvertised, and the evidence upon which defendants rely does not touch this point. One of the city's witnesses testified that practically there was no difference in cost, and one of defendants' that it would not cost the difference between six per cent and five per cent of asphalt, though he was of opinion contractors would probably bid as if it did. Another witness was of opinion the change would increase the price of the finished pavement, but fixed no date as to which he was testifying, could not say how much the difference would be, and gave no reason for his opinion. This was

all the evidence on the point, and while it probably had to be submitted to the jury to determine whether or not the change was material, it is clear therefrom that the trial judge could not properly have given binding instructions for defendants or entered judgment in their favor non obstante veredicto, especially as the credibility of the witnesses was for the jury in any event: Harlow v. Homestead Borough, 194 Pa. 57; Fry v. National Glass Co., 219 Pa. 514; Second National Bank of Pittsburgh v. Hoffman, 229 Pa. 429.

All the assignments of error must be overruled, therefore, the first three being disregarded for the additional reason that they are not supported by exceptions, and the last four because no action by the court below is therein quoted.

The judgment of the court below is affirmed.