## City of Lancaster v. American Bonding Company.

*Suretyship—Suit on contractor's bond—Statement—Sufficiency of—Written or oral contract—Unfinished work—Items of amount due—Variation of contract—Practice Act, 1915, sect. 9.*

1. In an action on a contractor's bond to recover the difference between the contract price and the amount paid another contractor to complete the work, it is not necessary that the statement should set forth whether the contract with the second contractor was written or oral, or what work was left undone by the first contractor and completed by the second contractor, or, in detail, how the amount claimed was arrived at. All that need be alleged is the amount the plaintiff was required to pay above the original contract price.

2. Such statement is not defective for alleging a variation in the contract where it alleges that the contract was made for the completion of the work "without any material variation with" the original contract, but at an increased price. An immaterial change in the contract would not relieve the surety.

Practice Act of May 14, 1915, § 9, P. L. 483, considered.

Question of law raised by affidavit. C. P. Lancaster Co., June T., 1914, No. 45.

*Oliver S. Schaeffer* and *Bernard J. Myers,* for plaintiff.

*John E. Malone,* for defendant.

HASSLER, J., July 2, 1921.—An affidavit of defence has been filed in this case raising questions of law. The facts set forth in plaintiff's statement show that the defendant was surety on a bond given to the plaintiff by the Lehigh Engineering and Construction Company, conditioned that the said Lehigh Company would erect a dam, intake, bridge pier, &c., at the pumping station in accordance with the terms and specifications attached to that contract. It is alleged that the said company failed to do its work, and the City of Lancaster was compelled to employ one G. W. Rockwell, of Sunbury, Pa., to build it, and was required to pay him $3259.97 more than the Lehigh Company had contracted to do the work for. This suit was brought to recover that amount from the defendant as surety on said bond for the said Lehigh Company.

It is objected that the statement is not sufficient, because it does not set forth whether the contract made with G. W. Rockwell on Aug. 25, 1911, was a verbal or written contract. We do not think there is any merit in this contention. Section 9 of the Act of May 14, 1915, P. L. 483, requires that it shall be stated whether the contract upon which suit is brought is oral or in writing. The contract with Rockwell is not the one upon which suit is brought. It can only be used as evidence of what amount, if any, the defendant is liable for on the contract between the plaintiff and the Lehigh Engineering Company, upon which the defendant company was surety. The statement alleges that that contract is in writing, which meets the requirements of the act of assembly.

The second objection to the statement is that it alleges that the Rockwell contract varied from the contract that the plaintiff entered into with the Lehigh Engineering Company, &c., and that this legally discharged the defendant from liability. This is not correct. The plaintiff's statement alleges that the contract was made with Rockwell for the completion of the work "without any material variation with the original contract with the said Lehigh Engineering Contracting Company, and at a price in excess of said original contract." An immaterial change in the contract would not relieve the surety: Philadelphia *v.* Ray et al., 266 Pa. 345. But there is no allegation in the statement that there was any material change in the contract with Rockwell.

1 D. & C.

City of Lancaster *v.* American Bonding Company.

The third objection is that the statement fails to set forth what work was left undone. We do not think that it was necessary to set this forth in the statement. Whatever work was left undone by the original contract, it was proper for the plaintiff to employ some one else to do, and if it cost more, the defendant, as surety on the original contractor's bond, would be liable for the payment of such excess.

The fourth objection is that the statement fails to show how the damage of $3259.97 sustained by the plaintiff is arrived at. The statement does allege that it was the amount which the plaintiff was required to pay to Rockwell because of the defendant's principal's failure to perform his contract. This is all that is required to be alleged in the statement.

We are satisfied that there is no merit in the questions raised in the present affidavit of defence, and, therefore, refuse to enter judgment for the defendant, but direct the defendant to file a new affidavit of defence within fifteen days from the date of the filing of this opinion.

From George Ross Eshleman, Lancaster, Pa.