# Lever v. Lagomarsino, Appellant.

*Contract—Building contract—Specifications—Additional specifications—Oral agreement — Extra work — Evidence — Latent ambiguity—Case for jury.*

1. A latent ambiguity arising from an uncertainty whether a written building contract included certain added specifications, may be explained by parol evidence and is a question for the jury.

2. Such ambiguity is determined by the jury on .the weight of the evidence, and the rule as to certainty and precision of proof required for the reformation of a written instrument does not apply.

3. Where a building contract refers to a fire escape, but without any description of or reference to a fire tower described in detail in later specifications, evidence that the fire tower was built under a later oral agreement is admissible, and the jury may allow the contractor compensation for the fire tower as extra work.

*Contract—Building contract—Delay—Rental value — Expert — Hearsay—Discretion of trial judge.*

4. Where a building contract calls for completion within a specified period, and there is delay in completion, the owner may set-off against the claim against him in the contract, the rental value of the building during the period of delay, but, in doing so, he must produce competent evidence as to the rental value.

5. Rental value cannot be shown by the rent paid for a specific property.

6. The qualification of a witness to express an opinion on rental value is largely one for the discretion of the trial judge.

7. A witness cannot qualify himself to speak as an expert as to values, by rumor or hearsay.

Argued November 28, 1924. Appeal, No. 44, Jan. T., 1925, by defendant, from judgment of C. P. No. 5, Phila. Co., March T., 1923, No. 2764, on verdict for plaintiff, in case of Eugene T. Lever v. David Lagomarsino. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEP-HART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on building contract. Before HENRY, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,326.33. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Thomas H. McCaffrey,* with him *J. Edward McCaffrey,* for appellant.—There was but one signed contract between the parties; that contract included the fire tower, therefore the learned court erred in admitting any testimony to prove that said tower was to be erected as a separate item: Wimer v. Twp., 104 Pa. 317; Lyons Co. v. Mahn, 62 Pa. Superior Ct. 478; Cleaver v. Lenhart, 182 Pa. 285; Erny v. Sauer, 234 Pa. 330.

The written contract on which plaintiff relies, embraces the erection of the fire tower, therefore, in the absence of fraud, accident or mistake, the contract, as executed, must stand, and all testimony as to a possible supplemental or collateral contract should have been rejected by the trial judge: Ruth Hastings Glass Tube Co. v. Slattery, 266 Pa. 288; Neville v. Kretzschmar, 271 Pa. 222.

Parties are bound by their pleadings: Kime v. Ice Co., 240 Pa. 61.

The proper measure of damages for the delay in completion was the rental value of the property: Rogers v. Bemus, 69 Pa. 432; Fire Assn. v. Rosenthal, 108 Pa. 474; Brown v. Foster, 51 Pa. 165; Duffield v. Rosenzweig, 144 Pa. 520.

The testimony as to the rental value of the building should have been admitted: Struthers v. R. R., 174 Pa. 291; Hewitt v. R. R., 19 Pa. Superior Ct. 304; Wanamaker v. Phila., 249 Pa. 492; Blasband v. Transit Co., 42 Pa. Superior Ct. 325.

*L. W. Baxter,* with him *Evan B. Lewis,* for appellee, cited: Cunningham v. Church, 159 Pa. 620; Cramp & Co. v. Realty Corp., 268 Pa. 14; Phillips v. Mfg. Co., 220

Pa. 141; Continental Fibre Co. v. Sturtevant Co., 273 Pa. 30; Howarth v. Express Co., 269 Pa. 280; Friday v. R. R., 204 Pa. 405; Iron City Auto Co. v. Pittsburgh, 253 Pa. 478; Coryell v. Boro., 226 Pa. 103; Dillon's Est., 269 Pa. 234.

OPINION BY MR. JUSTICE WALLING, January 5, 1925:

On April 28, 1922, the parties hereto entered into a written contract by which the plaintiff, for the consideration of $22,000, agreed to furnish the material and erect for the defendant a three-story brick building, at the corner of Germantown and Willow Grove avenues, Philadelphia, according to plans and specifications. After the completion of the building plaintiff brought this suit for a balance claimed under the contract and for extra work; he recovered a verdict for $4,326.33, and, from judgment entered thereon, defendant brought this appeal.

On one side of the building as constructed was a three-story fire tower, and $1,741.49 of plaintiff's claim was for its erection as extra work. Defendant, while not disputing the amount, claimed it was covered by the original contract, a copy of which was filed in the prothonotary's office on the day following its date. Accompanying the same were the specifications which state, inter alia, "Fire-escape to be as shown and approved by city regulations for fire laws." Aside from the regular specifications there was also filed with the contract as follows: "Addition to specification. One fire tower 7' x 19' with 9" brick wall, concrete roof, fire doors, iron landing with iron pipe railing leading to fire tower from each apartment, wooden stairway inside with railing on same with concrete floor leading to Willow Grove Avenue entrance, fire proof window at each floor, same to comply with fire underwritten and tenement house laws of the City of Philadelphia.

"Correct   Eugene T. Lever, Contractor.
"David Lagomarsino, Owner."

The fire tower as constructed is shown upon the blue print, but when it was made does not appear. The parties prepared their own plans and specifications. Plaintiff's testimony was to the effect that as planned there was only a fire-escape and that the city authorities required the addition of a fire tower before granting a building permit, of which requirement he informed the defendant; that thereupon they made an oral agreement by which he was to build the tower and the defendant was to pay him as an extra its cost plus ten per cent. Defendant denied the oral agreement and the evidence was conflicting, but the jury accepted plaintiff's version. If the written contract on its face included the fire tower, there would be force in defendant's contention that the oral agreement for extra pay, if made, was for the doing of something for which plaintiff was already obligated, and hence without consideration; but there was nothing in the written contract or in the added specification showing that the latter was embraced within the former. Whether it was or not depended on conflicting oral evidence and was properly submitted to the jury. The uncertainty as to whether the written contract included the added specification caused a latent ambiguity, which could be explained by parol evidence: 2 C. J. 1314. Where there is uncertainty as to what specifications are covered by a written contract, it may be explained by parol evidence and then becomes a question for the jury: Kendig v. Roberts, 187 Pa. 339. In Laidley v. Rowe, 275 Pa. 389, a deed conveyed the vein of stone coal in a certain tract of land, and there being two veins therein, we held parol evidence competent to explain the latent ambiguity and that thereupon it was for the jury to determine which vein was intended. Such ambiguity is determined by the jury on the weight of the evidence and the rule as to certainty and precision of proof required for the reformation of a written instrument does not apply: Lycoming Mutual Ins. Co. v. Sailer, 67 Pa. 108, and see Beatty v. Lycoming County Insurance Co., 52

Pa. 456. According to evidence of plaintiff, which was
for the jury, the written contract was executed and he
had sought a permit for the building before the oral
agreement for the fire tower was made; if so, it was not
the case of a contemporaneous parol agreement nor
governed by the rules applicable thereto. That no de-
scription of the fire tower appears in the regular specifi-
cations while it is found in the added specification gives
color to the contention that it was an after-thought and,
if it was prepared after the written contract was exe-
cuted, was not a part thereof. It cannot be declared as
matter of law that the fire-escape mentioned in the orig-
inal specifications was identical with the fire tower pro-
vided for in the added specification; nor can it be
assumed as does appellant that the written contract in-
cluded the fire tower.

Furthermore, it having been found that the fire tower
was built under an oral agreement, it was not subject to
the terms and conditions of the written contract (Shultz
v. Seibel, 209 Pa. 27; Rose v. Scott, 75 Pa. Superior Ct.
196) and, on the finding that it was extra work in ad-
dition to the main building, the jury rightly compen-
sated plaintiff therefor: Phillips v. Am. Cem. Tile Mfg.
Co., 220 Pa. 141, 147.

The contract called for completion of the building
within five months, whereas it was not completed until
five months later, and defendant seeks to set-off the
rental value of the building during that time. While
that is a correct measure of damages (Rogers v. Bemus,
69 Pa. 432; Brown v. Foster, 51 Pa. 165; Armstrong &
Latta v. Phila., 249 Pa. 39; Fire Assn. v. Rosenthal, 108
Pa. 474), there was no competent evidence as to the
rental value. True, defendant sought to show such
value by two or three witnesses, whose testimony the
trial judge excluded because of their lack of knowledge
thereof in the locality. The question of the qualification
of a witness to express an opinion is largely one for the
discretion of the trial judge; and an examination of the

record discloses no abuse thereof in the instant case. Rental value cannot be shown by the rent paid for a specific property any more than market value can be established by the price for which certain property sold (see Friday v. Penna. Railroad Co., 204 Pa. 405; Railway Co. v. McCloskey, 110 Pa. 436; Hewitt v. Railroad Co., 19 Pa. Superior Ct. 304), nor can a witness qualify himself to speak as an expert by rumor or hearsay: Struthers v. R. R., 174 Pa. 291; Howarth v. Adams Express Co., 269 Pa. 280. In view of this, none of those called on that question was properly qualified. There being no evidence of the amount of damages suffered by the delay, the set-off could not be allowed. Moreover, there was ample evidence to justify the conclusion that defendant waived the time limit specified for the completion of the building; but in the absence of proof of any damage resulting from the delay it is unnecessary to discuss that question.

We have fully examined the record but find no cause for reversal.

The assignments of error are overruled and the judgment is affirmed.