# McDonald Construction Co. *v.* Gill et al., Appellants.

*Practice, C. P.—Trial by court—Findings of fact—Contract—Bonus for advancing work—Evidence.*

1. Findings of fact by the court below in a case tried by agreement without a jury, will be given on appeal the same weight as the verdict of a jury.

2. Where in such case the court finds, on sufficient evidence, that plaintiffs were entitled to a bonus for a specified number of days for advancing work under a building contract, the appellate court will not, in the absence of manifest error, reverse a judgment entered on such findings.

*Practice, C. P.—Affidavit of defense—Trial—Appeals—Act of May 14, 1915, P. L. 483.*

3. A matter of defense not set up in the affidavit of defense, cannot, under the Act of May 14, 1915, P. L. 483, subsequently be interposed either at the trial or on appeal.

Argued January 6, 1926.   Appeal, No. 108, Jan. T., 1926, by defendants, from judgment of C. P. No. 3, Phila. Co., March T., 1924, No. 20, for plaintiff in case tried by the court without a jury, in suit of McDonald Construction Co. v. John T. Gill et al., trading as John Gill & Sons, and Benjamin Franklin Realty & Holding Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Assumpsit for bonus under building contract.   Before DAVIS, J., without a jury.

The opinion of the Supreme Court states the facts.

Judgment for plaintiff for $6,117.10, in case tried by the court without a jury.   Defendants appealed.

*Error assigned* was, inter alia, judgment, quoting it.

*John P. Connelly,* for appellants.
    VOL. CCLXXXV—20

*David Wallerstein,* for appellee.

OPINION BY MR. JUSTICE WALLING, January 18, 1926:

Defendants, as general contractors for erection of the Benjamin Franklin Hotel, Philadelphia, contracted with plaintiff to do the excavating, estimated at thirty thousand cubic yards, at $1.25 a yard. The contract therefor was dated April 23, 1923, and provided for the beginning of the work on forty-eight hours' notice and completion within thirty-two calendar days thereafter, time to be of the essence of the contract, the plaintiffs to receive a bonus of $500 a day for an earlier completion and pay a penalty of like amount for overtime. In case the excavation exceeded the thirty thousand yards, plaintiff was to have one day extra for each twelve hundred and fifty yards, or fractional part thereof. As the actual amount excavated was 35,304 yards plaintiff was entitled to five days extra, making in all thirty-seven days. The contract stipulated that no extra time should be allowed except by written consent. Plaintiff brought this suit on a claim for fourteen days' bonus, all of which was denied by defendants. By stipulation filed, jury trial was waived and the case was heard by the court, whose findings of facts and legal conclusions ended in a final judgment for plaintiff for the amount of eleven days bonus and interest; therefrom defendants brought this appeal.

Giving, as we must, the same weight to the findings of facts by the trial court as to the verdict of a jury (Duke v. North Penn Gas Co., 220 Pa. 348; Costello v. Long, 62 Pa. Superior Ct. 13, 16), the judgment cannot be disturbed. On May 28, 1923, defendants gave plaintiff the forty-eight hours' notice to begin the work, which it did at midnight of May 30th, and the court finds it was just completed within the thirty-seven days, but allows the eleven days' bonus on a finding that defendant had caused delays in the work to that amount. Charles D. Heavy had a prior contract for removal of

the old building from the lot and had left thereon a large quantity of brick, lumber, cables, elevator, ice box and other material which plaintiff, at defendants' request, removed. This the court finds was extra work and consumed approximately two days. The contract required defendants to furnish all the material and shore up the sides of the excavation, perpendicular sides being contemplated; later, however, defendants decided to have the work so done in the first instance as to leave sloping sides and then shore up as the slopes were removed. This method required defendants to use one of the steam shovels of plaintiff for twenty-two days, it having two on the job in accordance with the contract and later a third. This changed method of doing the work caused delay by taking one of the steam shovels off the regular work and also by limiting the number of shovels which could be worked effectively. The trial court finds as a fact that this delayed the work nine days, which are added to the two days above mentioned. Plaintiff bases its claim for the delay on a modification of the contract made June 11, 1923, in a letter of that date from defendants to plaintiff as follows: "We hereby agree to exclude from the thirty-two calendar days as provided for in paragraph seven of your contract entered into with John T. and K. F. Gill, trading as John Gill & Sons, under date of April 23, 1923, such additional time as may be required by you in the performance of certain work which we have requested you to do for us, and it is understood and agreed that whatever period of time there may be in the nature of delay occasioned by you being compelled to go back and perform said work for us, the additional number of days so required by you to complete this work will be excluded from the stipulated time of thirty-two days as provided for by the terms of your contract as aforesaid." This was signed by defendants and by writing thereon accepted and approved by plaintiff and its sureties. The authenticity of this letter is admitted in the pleadings and cannot be

questioned here. It constituted a written extension of the time provided in the original contract and left the amount thereof a question for oral proof, from which proof the trial court finds as above stated. As there was evidence to support this finding it cannot be disturbed; whether we would have reached the same conclusion is unimportant.

On August 29, 1923, plaintiff submitted a bill for the balance, according to the yardage excavated, which was paid, but, as it did not purport to be in full of all demands and made no mention of the bonus, it was not an answer to the present demand. Furthermore, no claim that it was is averred in the affidavit of defense and, hence, it could not be interposed at the trial below and cannot be here. See section 16 of the Practice Act of May 14, 1915, P. L. 483, 486.

The judgment is affirmed.