## Goldman *v.* National Refrigerator Company, Inc., Appellant.

Argued October 14, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Herbert L. Floun*, with him *Joseph L. Fox*, for appellant.

*Barry H. Hepburn,* for appellee.

OPINION BY PARKER, J., January 31, 1936:

This is an action in assumpsit wherein the plaintiff, a salesman, seeks to recover from the defendant, a manufacturer and dealer in refrigerators, commissions claimed to be due from it for sales made by him. It was alleged by the plaintiff that the parties, on or about July 15, 1931, entered into an oral contract whereby plaintiff was to sell defendant's products and was to receive as compensation fifty dollars for each refrigerator case sold by him, as well as all commissions due from the Elliott-Lewis Electrical Company for electrical units supplied for the refrigerator cases sold by the plaintiff; that he made several sales for one of which he was not paid his commission by the defendant. It was next claimed that by an agreement in writing the parties, on December 13, 1932, agreed that plaintiff should thereafter devote all his time to the sale of defendant's products for which he was to receive twenty-five dollars weekly as a salary and that plaintiff would give to the defendant one-half of his commissions received from Elliott-Lewis Electrical Company or other dealers, and that on or about March 15, 1933, by oral agreement, a change was made in the written contract whereby the commissions received for electrical units should be paid to defendant and that it should then pay plaintiff one-half thereof. It was finally claimed that a special oral contract was made between the parties whereby plaintiff should collect installments due on certain contracts for the sale of cases for which he should be paid by defendant three per cent of the amount so collected; that numerous sales were made of electrical units and cases for which the defendant did not pay the plaintiff his share; and that there was also due him salary for one week under the written agreement and commissions

for the collection of certain installments, the total amount of his claim being $425.34 after giving credit for eighty-one dollars paid on account. Defendant denied that there was any other contract between the parties than the written agreement and claimed that it had fully compensated plaintiff for all service in accord therewith.

The plaintiff produced evidence, largely that of himself, which if believed would sustain his claim as to the different contracts of employment and that there were due from defendant to plaintiff commissions which he had not been paid. On the other hand, if the testimony of defendant was believed, there was but one contract and that the written one. The case was tried by a judge without a jury and judgment was entered in plaintiff's favor for $334.29.

In entering judgment the court below did not indicate precisely the portion of plaintiff's claim which was not allowed, but a careful review of the testimony convinces us that there was ample evidence which, if believed, would support the amount of the finding. Findings of fact in such a case are entitled to the same weight as the verdict of a jury: McDonald Construction Co. v. Gill, 285 Pa. 305, 132 A. 368; Athens National Bank v. Ridgebury Twp., 303 Pa. 479, 483, 154 A. 791. When a question is one of fact and depends upon oral testimony, the credibility of the witnesses is for the jury, in this case for the trial court sitting as a jury: Harlow v. Homestead Boro., 194 Pa. 57, 45 A. 87; Phila. v. Ray, 266 Pa. 345, 349, 109 A. 689.

There remains for consideration one further question raised by appellant concerning that portion of the judgment which compensated plaintiff for his share of commissions received by defendant for sales made by plaintiff of electrical units for the Elliott-Lewis Electrical Company. These units were not manufactured by defendant but were a necessary part of a complete

installation of a refrigerating machine. Both parties sold them and received commissions for such sales. By the written agreement plaintiff undertook to give to defendant one-half of all commissions so received by him. The only modification of the written contract as claimed was that the commission was thereafter to be paid by Elliott-Lewis to defendant and that it should then pay one-half of such commission to plaintiff. The change effected by such agreement was in the method of collecting and distributing the commissions which came from the third party. There was no change in the amount of compensation to be received by plaintiff. The only direct testimony given in support of the alleged modification of the written agreement was the testimony of plaintiff which was denied by the officer of the defendant who had the matter in charge. The only corroboration was the fact that eighty-one dollars was paid to plaintiff in addition to his salary. Appellant's main contention is that the testimony would not have been sufficient to submit to a jury. It claimed that the parol modification effected a change in the compensation to be paid.

"It is always competent for the parties to a written contract to show that it was subsequently abandoned in whole or in part, modified, changed, or a new one substituted. And this may be shown by parol, by showing either an express agreement, or actions necessarily involving the alteration": Holloway v. Frick, 149 Pa. 178, 180, 24 A. 201; Germantown Dairy Co. v. McCallum, 223 Pa. 554, 72 A. 885.

"The existence of an oral contract changing the terms of a prior written one must be clearly and positively shown. Its terms must appear definitely from the evidence. The acts of the parties, their conduct and the circumstances and relations existing between them, are all elements to be given due consideration in determining both the existence and terms of such an agreement.

We do not wish to imply by this statement that greater evidence is necessary to establish such an oral contract than is required to prove any oral agreement, however": Knight v. Gulf Refining Co., 311 Pa. 357, 361, 166 A. 880.

The appellant, however, relies upon the case of Phillips v. Amer. Cement Tile Mfg. Co., 220 Pa. 141, 69 A. 589, where Mr. Justice BROWN said (pp. 145, 146): "If the question was simply one of the substitution of a new parol agreement for a per diem compensation for the work called for in the written contract, the contention of the appellant as to the insufficiency of the evidence to show that the clause as to compensation had been changed would have to be sustained. A presumption which is almost conclusive is, that when work is commenced under a written contract providing for its compensation, it is prosecuted to the end for such compensation, and this presumption is not to be overcome by less proof than is required to vary, modify or contradict a written agreement on the ground of the omission from it, by fraud, accident or mistake, of a contemporaneous parol agreement ...... When the compensation clause in a written contract is to be wiped out altogether and a new parol agreement substituted for it, the rule as to the measure of proof required to vary, modify or contradict a written agreement is to be applied with unabated rigor."

Now it is most apparent that there was not any change made in the compensation which the plaintiff was to receive but merely a change in the method of collecting the same. When the plaintiff sold an electrical unit, instead of collecting the commission from Elliott-Lewis Electrical Company and giving to defendant one-half thereof, the defendant was permitted to collect the commission and remit to plaintiff the one-half. This was not a change in the compensation to be paid. Mr. Justice KEPHART clearly indicated in the

Knight case, cited above, that greater evidence was not necessary to establish such an oral contract than is required to prove any oral agreement. A careful reading of the Phillips case, relied upon by appellant, convinces us that it has here no application unless it be to sustain the court below.

Judgment affirmed.