# Rose *v.* Independent Chevra Kadisho, Appellant.

*Practice, C. P.—Affidavit of defense—Building contract—Conditional acceptance of a building.*

In an action to recover a balance alleged to be due on a building contract, an affidavit of defense is sufficient which alleges that the work had not been completed according to the terms of a conditional acceptance of the same.

*Corporations—Minutes—Evidence.*

The minutes of a corporation are prima facie evidence of the facts therein stated, but parol testimony is admissible to explain or supplement them.

Argued March 26, 1906.    Appeal, No. 74, Jan. T., 1906, by defendant, from order of C. P. No. 1, Phila. Co., Sept. T., 1905, No. 516, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Jacob Rose and Maurice Rose, trading as J. Rose & Son, v. The Independent Chevra Kadisho of Philadelphia.    Before MITCHELL, C. J., FELL, POTTER, ELKIN and STEWART, JJ.    Reversed.

Assumpsit to recover a balance alleged to be due on a building contract.

The affidavit of defense was as follows :

Jacob Schwartz, being duly sworn, deposes and says, that he is the president of the Independant Chevra Kadisho, which is a corporation of the first class, incorporated under the act of 1874, for the purpose of giving free burial to its members and others, and that since its incorporation it has been doing charitable work in that it has given free burial to persons whether members or nonmembers, who have died in want and whose families are unable to furnish or pay the expenses necessary for funeral and interment, and is supported mainly by contributions of the public.

That it is untrue that any of the changes as made by the contractors in the building of said mortuary, stable and privies were done upon the special instance and request of the defendant, or its duly authorized committees, except as appears by the contract of October 24, attached to plaintiffs' statement of claim but all these changes were made by the plaintiffs for their own benefit and convenience, and in direct opposition to the express order and requests of the building committee, and a large number of these changes are detrimental to the interest of the defendant, and likely to cause it serious loss, and will have to be remedied so as to comply with the plans.

＊    ＊    ＊    ＊    ＊    ＊    ＊    ＊

That as a result of these deficiencies and of the unwarranted changes made by the plaintiffs on the plans and specifications, the defendant has been damaged to an amount far in excess of the amount of the plaintiffs' claim.    That in the opinion of experts who have examined the building it would cost upwards of $4,000 to make the necessary changes to put this building in a condition as required by the plans and specifications at-

tached to plaintiffs' statement of claim ; so that instead of there being due to the plaintiffs from the defendant $3,249.10 as claimed by the plaintiffs, there is actually due to the defendant from the plaintiffs the sum of $750.90.

That although the contract under which the plaintiffs' claim provides that before the plaintiff shall be entitled to any payment whatever " a certificate shall be obtained from the architect, setting forth that the work has been done in a satisfactory manner," yet the plaintiffs have not obtained, produced or exhibited to the defendant, or any of its officers, or its building committee, a certificate from the architect that the work has been done satisfactorily, with the exception of the certificate upon which the payment was made of the amount for which credit is given.

That on March 18, 1905, the plaintiffs agreed that all the work "must meet with the approval of the committee and building architect in reference to the whole building structures."

That notwithstanding this agreement the work has not met with the approval of the committee on building or of the architect, but on the contrary both the architect and the building committee have disapproved of the work done.

The contract upon which plaintiffs' claim, contains the provision that the work shall be done " within ninety working days from date " thereof, yet the plaintiffs in the statement of claim set forth that the work was not completed until March 29, 1905. Deponent avers that the work was not completed at that time, and that the plaintiff had workmen on the building as late as June 23, and the work is not done yet, as a result of which delay defendant was put to considerable loss.

That if the plaintiffs used extra materials in and about making the changes from the plans and specifications as they claim in their statement of claim, then they did so at their own risk, and the defendant should not be held responsible therefor ; and as is seen from their contract of March 18, 1905, the plaintiffs were not to make any additional charge for any extra work on the stable, mortuary or water-closets.

That it is true that the plaintiffs did some extra work for the defendant in and about taking out the partitions and doing the other work on premises 408–10–12 Christian street, for which the plaintiffs in their statement of claim demand $75.55,

but deponent avers that at a number of occasions before this suit was brought the plaintiffs agreed, stated and claimed that the total amount due for this work is $50.00, and never made claim for more than that amount until the statement of claim in this matter was filed; but deponent avers that the defendant is not now liable to pay this sum, for there is due to the defendant from the plaintiff a much larger sum of money, as hereinbefore set forth, and the defendant sets off so much thereof as is necessary against this claim of the plaintiffs.

The deponent admits that the defendant became indebted to the plaintiffs for the sum of $53.15, for the goods as set forth in the copy of the book entries, of plaintiffs' statement of claim, but the deponent maintains that the defendant is not bound to pay said amount at this time, as the plaintiffs are indebted to the defendant in a far larger sum, as set forth in the foregoing part of this affidavit, and the defendant sets off so much thereof as is necessary against this claim of the plaintiffs, and will at the trial of this cause ask for a certificate against the plaintiffs for the balance due to the defendant.

That it is untrue that the defendants accepted the work at a meeting of the defendants held on April 12, 1905, but on the contrary the extract of the defendant's minutes, as set forth in the plaintiffs' statement of claim, did not refer to whether the building was properly constructed or met with the approval of the building committee, but merely that the work was progressing, and that there was nothing special to report, and deponent further positively avers that neither the board of directors, nor the building committee, nor the architect, at that time or at any time has accepted said work or approved of same, but, on the contrary, have complained about the improper construction and condition of the said buildings.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Samuel Englander*, for appellant.—A minute or record of a corporation is not conclusive against it, and parol evidence is admissible to explain, qualify, and even alter and rebut the minute or record: Hamill v. Supreme Council of Royal

Arcanum, 152 Pa. 537; Gearhart v. Dixon, 1 Pa. 224; Thompson v. Chase, 2 Grant, 367; Thorne v. Ins. Co., 80 Pa. 15; Carmony v. Hoober, 5 Pa. 305; Parker v. Luffborough, 10 S. & R. 249; Goodwin v. Annuity, etc., Life Ins. Co., 24 Conn. 591; Gilson Quartz Mining Co. v. Gilson, 51 Cal. 341; Heintzelman v. Druid's Relief Assn., 38 Minn. 138 (36 N. W. Repr. 100); St. Louis, etc., Ry. Co. v. Tiernan, 37 Kans. 606 (15 Pac. Repr. 544).

As the affidavit of defense denies the acceptance of the work and qualifies the minute upon which the plaintiff relies, a question of fact arises which must be submitted to a jury: Knerr v. Bradley, 105 Pa. 190; s. c. 16 W. N. C. 72; 31 Pitts. L. J. 495; Allegheny City v. McGaffrey, 131 Pa. 137; s. c. 25 W. N. C. 213; Delahunty Dyeing Machine Co. v. Penna. Knitting Mills, 19 Pa. Superior Ct. 501; Bryson v. Home for Disabled & Indigent Soldiers, etc., 168 Pa. 352.

*Adolph Eichholz*, for appellees.—Where a building erected under contract is substantially completed, full performance in minor particulars may be dispensed with by the party to whom it is due: Stewart v. McQuaide, 48 Pa. 191; McClelland v. Rush, 150 Pa. 57; Pittsburg Terra-Cotta Lumber Co. v. Sharp, 190 Pa. 256.

Nowhere does the affidavit of defense show the particularity either in the averment of defects or the amount required to remedy those particular defects that is necessary under the decisions: Berlin Iron Bridge Co. v. Bonta, 180 Pa. 448; Thomas v. O'Donnell, 183 Pa. 145; Killen v. Brown, 6 Pa. Superior Ct. 15; Gausler v. Bridges, 13 Pa. Superior Ct. 646; Louchheim v. Becker, 3 W. N. C. 449.

OPINION BY MR. JUSTICE ELKIN, April 30, 1906:

This appeal raises the question of the sufficiency of the affidavit of defense filed in the case. The court below held the affidavit to be insufficient, and directed judgment to be entered for plaintiffs. It is argued that the affidavit is vague and indefinite in general, and not specific as to the items of set-off claimed. It is therefore insisted that being defective in these and other respects judgment was properly entered. While it may be conceded that the affidavit is inaptly

drawn, it does set up a substantial claim of set-off.  This court has said that an affidavit of defense is not to be framed with the technical accuracy of formal pleadings, nor subjected to the severe scrutiny which a fine critical skill may exercise, but it must exhibit all the elements of a substantial defense: Thompson v. Clark, 56 Pa. 33; Kaufman v. Cooper Iron Mining Company, 105 Pa. 537.

The affidavit as a whole comes fairly within this rule.  We do not agree that under the facts of the case the defendant can be permitted to prove an entire failure in the performance of the contract on the ground that the work was not done according to the original plans and specifications.  The acceptance of the building at the time of dedication was a ratification of the general changes made in the plans and specifications.  The affidavit avers, however, that the acceptance of the building at that time was only conditional, and that the contractors agreed to complete the work after that time in a satisfactory manner.  Certainly defendant was entitled to prove the truthfulness of this averment, and to show that the matters complained of had not been completed according to the terms of the conditional acceptance.

We cannot accept as sound the contention that the minutes of the corporation are conclusive of the matters therein contained.  The rule is that such minutes are prima facie evidence of the facts therein stated, but parol testimony is admissible to explain or supplement them : Hamill v. Supreme Council of Royal Arcanum, 152 Pa. 537.  In the present case the minutes relied on are ambiguous, their meaning doubtful, and, as translated, the question can be fairly raised whether an acceptance of the work was intended, or only an expression of opinion as to the progress being made.  Under the facts, however, it was a question for the jury.

The defendant is entitled to prove at the trial the items of set-off claimed in the affidavit in so far as they relate to the averment that the work has not been completed according to the conditional acceptance at the time of dedication.

Judgment reversed and a procedendo awarded.