# P. Curtis Ko Eune Company *v.* The Manayunk Yarn Manufacturing Company, Appellant.

*Corporations—Contracts—Contract with fire insurance adjuster—Authority of president—By-laws—Repudiation of contract—Assumpsit—Commission.*

1. The president of a corporation, who under its by-laws is given general control and management of its business and affairs, has authority to employ an insurance adjuster to adjust a fire loss.

2. Defendant corporation having suffered a loss by fire, its president employed plaintiff to adjust the loss. Plaintiff at once began to execute the contract, but later in the same day it was informed that the board of directors of defendant had by resolution repudiated the agreement made by the president of the company and it was notified to stop work. In an action of assumpsit by plaintiff to recover the loss sustained from the breach of the contract it appeared that defendant's by-laws provided that "the president shall be the chief executive officer and head of the company and in the recess of the board of directors shall have the general control and management of its business and affairs." *Held,* that the president had authority to make the contract, and a verdict and judgment for plaintiff were sustained.

3. In such case plaintiff was entitled to its commission on the amount of the adjustment, although a portion thereof was received by defendant as the proceeds of damaged goods sold by the insurance companies.

Argued Jan. 10, 1918.    Appeal, No. 167, Jan. T., 1917, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Sept. T., 1916, No. 2796, on verdict for plaintiff, in case of P. Curtis Ko Eune Co. v. The Manayunk Yarn Manufacturing Company.    Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ.    Affirmed.

Assumpsit upon a written contract.    Before BARRATT, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $1,569.96 and judgment thereon.    Defendant appealed.

*Error assigned,* among others, was the refusal of the court to enter judgment for defendant n. o. v.

*Charles B. Joy,* for appellant.—The president had no authority to make the contract: DeForest v. Northwest Townsite Co., 236 Pa. 125; Clarkson v. Keystone Oil Cloth Co., 8 D. R. 593; Penna. R. R. Co.'s App., 80 Pa. 265; Patton v. Ligonier Coal Co., 12 D. R. 456; Millward Cliff Cracker Co.'s Est., 161 Pa. 157; Twelfth St. Market Co. v. Jackson, 102 Pa. 269. .

Even a benefit derived from the unauthorized contract does not create a liability: Clarkson v. Keystone Oil Cloth Co., 8 D. R. 593; Twelfth St. Market Co. v. Jackson, 102 Pa. 269.

A corporation is not bound by the act or declaration of individual directors when not convened or sitting as a board of directors: Allegheny Co. Workhouse v. Moore, 95 Pa. 408; Stoystown & Greensburg Turnpike Rd. Co. v. Craver, 45 Pa. 386; Rittenhouse's Est., 140 Pa. 172.

*Albert L. Moise,* for appellee.—The corporation was bound by the act of its president: Fitzpatrick v. Engard, 175 Pa. 393; Steam Boat Co. v. McCutcheon & Collins, 13 Pa. 13; American Car & F. Co. v. Alexandria Water Co., 218 Pa. 542; Campbell v. Pittsburgh Bridge Co., 23 Pa. Superior Ct. 138; Denlinger v. Conestoga E. L. & P. Co., 32 Pa. Superior Ct. 418; Campbell v. Manatawny B. Ore Co., 62 Pa. Superior Ct. 57; Clark v. Freeport Mineral Co., 52 Pa. Superior Ct. 1; Wayne T. & Trust Co. v. Schuylkill E. Ry. Co., 191 Pa. 90.

OPINION BY MR. JUSTICE WALLING, February 25, 1918:
The plaintiff corporation's business is that of an adjuster of fire losses for the assured; defendant is a manufacturing corporation with a factory located at Manayunk. On April 10, 1916, the factory building and contents were badly damaged by fire. Plaintiff's president came the next morning and requested that his company

be employed to represent defendant in the adjustment
of its loss with the fire insurance companies.   The mat-
ter was discussed at length, defendant being represented
by its president, vice-president and another director;
and a written agreement was made employing plaintiff
to advise and assist defendant in the settlement of the in-
surance claims, for a commission of five per cent. of the
amount of adjustment.   Defendant's name was affixed
to the agreement by its vice-president, in the presence,
and, as the jury found, by the direction, of its president.
It was not done at a meeting of the board, although a
majority of the directors were present.   Plaintiff at once
took active steps to carry out the contract; but at a spe-
cial meeting of defendant's board, held later the same
day, said agreement was repudiated by an informal reso-
lution, on the allegation that it had been executed with-
out authority.   Of this action plaintiff was promptly
notified and directed to quit the work and surrender the
agreement.   It was thus prevented from carrying out the
contract.   Defendant thereafter adjusted the loss at
$35,762.51.   Plaintiff sued for breach of said agreement
and recovered a verdict for the five per cent., less the cost
of the completion of the contract.   Defendant appealed.

Defendant's by-laws provide: "The president shall be
the chief executive officer and head of the company, and
in the recess of the board of directors shall have the gen-
eral control and management of its business and affairs."
This agreement was made during such recess, and the
court below held that it was within the power of the
president.   We agree with that conclusion.   He was
vested not only with the implied authority of the chief
executive of the corporation, but also given large express
powers.   The urgent business of the company then was
to adjust the fire loss, and the president might properly
employ expert assistance for that purpose, as he might
under like circumstances employ an attorney or a collec-
tion agency.   Here the question is not whether the im-
plied powers of the president would enable him to bind

the corporation by such a contract, but whether he could do so by virtue of the authority expressly given him in the by-laws. In our opinion he could; otherwise he would not have "control and management of its business and affairs." It having been determined as a matter of law that the president had authority to execute the agreement, and as a matter of fact that he did execute it, plaintiff was entitled to recover, as the breach was admitted and no fraud or bad faith is alleged. So it is not necessary to decide whether plaintiff's case was strengthened by the fact that a majority of defendant's directors were present when the agreement was made. Under the contract plaintiff was entitled to its commission on the amount of the adjustment, and that was not affected by the fact that $2,746.50 thereof was paid defendant by the Philadelphia Waste Company for damaged goods bought of the insurance companies.

The assignments of error are overruled and the judgment is affirmed.