# Grimm v. Mt. Carmel Iron Works, Appellant.

*Master and servant—Corporation — Manager — Employment by president—Ratification.*

In an action against a corporation to recover for salary and expenses as manager, a verdict and judgment for the plaintiff will be sustained where the evidence tends to show that the plaintiff had been employed by the president, that the directors had individually agreed that the president should have full control of the business of the company, that he made contracts of hire and purchase and dissolved the relation of master and servant, and that the plaintiff with the full knowledge and consent of the directors had furnished the services and expended the sums for which suit was brought.

*Master and servant—Suit for salary—Evidence.*

In an action by a manager of a corporation against the company to recover for salary and expenses, it is proper to reject evidence to the effect that the books of the company showed a shortage greater than plaintiff's claim, if there is no offer to show at the same time that the plaintiff was responsible for such shortage.

Argued Oct. 22, 1917.  Appeal, No. 108, Oct. T., 1917, by defendant, from judgment of C. P. Northumberland Co., Sept. T., 1915, No. 647, on verdict for plaintiff in case, of A. P. Grimm v. The Mt. Carmel Iron Works.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Action of assumpsit.  Before CUMMINGS, P. J.
The facts are stated in the opinion of the court.

*Errors assigned* were (1 and 2) admission of evidence; (3) rejection of evidence; (4 and 5) charge of court; and (6) refusal of binding instructions.

*W. J. Sanders*, with him *Voris Auten*, for appellant.— Unless the individual members of a corporation are authorized to do so, they cannot bind it by any express promise, nor can corporate engagements be implied from

either unauthorized and unsanctioned acts or declarations: Allegheny County Work House v. Moore, 95 Pa. 408; Twelfth Street Market Co. v. Jackson, 102 Pa. 269; Republic Bank Note Co. v. Northwestern Penna. R. R. Co., 65 Pa. Superior Ct. 72; Kilpatrick v. Penrose Ferry Bridge Co., 49 Pa. 118; Martindale v. Wilson-Cass Co., 134 Pa. 348; Grafner v. Pittsburgh, Etc., Street Ry. Co., 207 Pa. 217.

*J. Fred Shaffer,* with him *Vought, Moser & Magrady,* for appellee.—The adoption or ratification of unauthorized acts of corporate officers "may be inferred from acts done or permitted, and need not be proved by a recorded resolution": Cooper v. Potts, 185 Pa. 115.

OPINION BY WILLIAMS, J., March 2, 1918:

Plaintiff sued to recover salary, expenses and commission. He had been, prior to January, 1915, president of defendant company. January 14, 1915, a letter, signed by five directors, was sent to the other directors and officers stating that the company was in a bad financial condition and recommending that "the Board of Directors * elect a new president * who shall have authority to appoint a clerk as his assistant, and give the president and his assistant authority over the business and financial affairs of the company." At a meeting, January 15th, plaintiff resigned as president and director, and Mr. Bastress was elected. It was thereupon agreed by the directors, according to Grimm's testimony, to place full authority in the hands of the new president. Grimm testified that he had been retained by Bastress as manager of the plant; that the directors knew he was doing the work; and that Bastress had agreed to give him all in excess of the cost of labor and material plus three per cent., on a certain contract.

Defendant's evidence was that Grimm was suspended without pay by the directors at a meeting held on March 15, 1915; but plaintiff testified he did not receive notice

of this action until March 29th, and then the suspension was conditional; that he took the matter up with Bastress who insisted on Grimm staying with the company.

The jury found for plaintiff. From the judgment entered on the verdict the present appeal is made.

Appellant contends that the evidence relative to the plaintiff's work done under the direction of Bastress was incompetent as there was no evidence of Bastress' authority to bind the company. We think there was evidence, and such acquiescence and participation in the fruits of plaintiff's endeavors as would make the evidence competent. Individually the directors had assented to Bastress having full control; he made contracts of hire and purchase; dissolved the relation of master and servant; and, with the full knowledge and consent of the directors, Grimm furnished the services and expended the sum for which suit is brought. This was sufficient to establish the liability of defendant: Bagaley v. Pittsburgh, Etc., Iron Co., 146 Pa. 478.

Appellant further contends that the court improperly refused its offer to prove by a statement furnished by Grimm from the books of the company showing a shortage of $10,000, that he was, or should be in possession of funds of the company in amount greater than the sum he claimed. If admitted it would have proven only that a shortage existed, not that Grimm was responsible therefor, and, without proof that he was, the statement was not material to the issue involved.

The judgment is affirmed.