The plaintiff alleges that in a regular meeting of its stockholders it was unanimously resolved that the corporation should increase its capital stock for the purpose of buying a site and building a garage; that the defendant and all the other stockholders subscribed $6,000 to the capital stock to be paid in this way: that each stockholder was to subscribe for sixty shares of stock, of the par value of $100 a share, in the Smithfield Building Loan Association paying a certain sum each week, for which the Building Loan Association was to lend the plaintiff $2,500; that all the stockholders, including the defendant, subscribed for said shares, after which the loan of $2,500 was made; that the defendant discontinued his payments to the Building Loan Association without the plaintiff's knowledge, and liquidated his stock therein, and now refuses to pay any part of his subscription to the capital stock of the plaintiff. The plaintiff alleges that the defendant is due the plaintiff $6,000 with interest from 1 August, 1920.
The defendant filed an answer admitting certain allegations and denying others. He set up an alleged agreement to the effect that since he had been removed from the board of directors he should be released from any obligation on account of his subscription to the Building Loan Association and should be at liberty to liquidate his stock. He alleged that he had sold his stock in the Association and that the plaintiff was not indebted to it.
At the trial the plaintiff offered in evidence the minutes of a meeting of the stockholders of the plaintiff company held 30 January, 1920: "Stockholders' meeting as of 1 August, 1919. Motion by R. P. Holding *Page 195 
to pay each director one hundred dollars per month. Seconded by W. H. Austin. Motion prevailed. Motion as of 1 January, to pay 4% dividend on capital stock. Motion prevailed. Motion of F. K. Broadhurst for each stockholder to take out 60 shares of Building and Loan. Motion prevailed. Motion by F. K. Broadhurst to appoint trustee to hold stock, R. P. Holding elected trustee. Motion for each stockholder to pay in $500.00. Building committee instructed to put up a temporary building at once. Also to sell the dwelling-house. Motion to adjourn prevails."
The plaintiff offered evidence tending to show that this record is not a full and comprehensive report of the proceedings had on 30 January, 1920; tending to show why each stockholder took shares in the Building Loan Association and why a trustee was appointed to hold stock; and that the defendant made payments to the association for the benefit of the plaintiff upon the shares allotted him. This evidence was excluded and the plaintiff excepted.
The general rule is that the recorded minutes of a corporation are presumed to cover the entire subject-matter or transaction and constitute the best evidence. But if the entire transaction is not recorded or the record is incomplete and fragmentary the presumption is not conclusive and parol evidence may be introduced to show what in fact was done. The incomplete records of private corporations are generally open to explanation by parol evidence. This position is sustained in numerous cases. Rose v. Ind. Chevva Kadisho, 64 At. (Pa.), 401; Produce Co. v.Stephens, 133 N.W. (Minn.), 93; S. v. Guertin, 119 N.W. (Minn.), 43;Selley v. Am. Lubricator Co., 93 N.W. (Ia.), 590; 4 Fletcher Cyc. Cor. 4054; 14 C. J., 376, sec. 494. We think the plaintiff's proposed evidence should have been admitted.
New trial.