HOT SPRINGS ELECTRIC LIGHT AND POWER COMPANY and THOMAS J. CUFF, as Trustee for Certain Holders of the Bonds and Stock of the Company, and Others, Respondents, v. RUFUS J. IRELAND, Appellant.— Orders denying motions for summary judgment affirmed, with ten dollars costs and disbursements. The plaintiff Cuff was not a party to the Federal court action. (*Clarke* v. *Hot Springs Electric Light & Power Co.*, 55 F. [2d] 612.) His filing of the bonds in his hands as trustee was with the reservation of the rights of those whom he represented to enforce collection of whatever may be due from defendant, and this was inclusive of such judgment as might be obtained in his present action for damages for breach of contract charged against the defendant. Nor was there any election of remedies by the plaintiff, trustee. In the case of the intervenors, their relation to the present litigation is similar to that of the plaintiff Cuff, and there can be no determination without a trial of the defense of the Statute of Limitations as against such intervenors. Young, Kapper, Hagarty and Carswell, JJ., concur; Davis, J., concurs in result.

In the Matter of the Application of THE CITY OF NEW YORK, Respondent, Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee to the Real Property Required for the Opening and Extending of Beach Ninth Street (Jarvis Lane) from Cornaga Avenue (Rockaway Turnpike, New Broadway) to the Northerly Line of the Public Beach, in the Borough of Queens, City of New York, as Amended by an Order of the Supreme Court of the State of New York, Second Judicial District, Dated November 8, 1928, and Entered in the Office of the Clerk of the County of Queens November 8, 1928, so as to Provide for the Acquisition of Title to the Real Property Required for the Opening and Extending of Beach Ninth Street (Jarvis Lane) from Cornaga Avenue (Rockaway Turnpike-New Broadway) to the Northerly Line of the Public Beach, in the Borough of Queens, City of New York, as the Lines of Said Street are Now Laid Out upon the Map or Plan of the City of New York, in Accordance with the Resolution of the Board of Estimate and Apportionment, Adopted on June 7, 1928. ERNEST V. AMY and Others, Appellants.— Final decree in so far as it makes awards of nominal damages for damage parcels 35, 36, 37, and 37-B reversed on the law and the facts, with costs, and proceeding remitted to the Special Term to make awards to the appellants for said parcels, on the basis that said parcels are not charged with any easement in favor of the Long Island Water Company. In our opinion, an easement over the damage parcels was not created by the agreement between the O'Donohue Park Corporation and the water company. The intention was to grant such easement only in such streets as might thereafter be laid out by said park corporation. Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ., concur.