DAVID E. BURR *vs.* ROLAND H. PEACOCK, assignee.

Middlesex.    October 11, 1935. — November 25, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Evidence*, Extrinsic affecting writing.    *Contract*, Construction.

A certain contract formed by a vote of the directors of a corporation accepted by its employee left it ambiguous whether a provision for payment of a stated sum by the corporation to him created an absolute debt the time of whose payment was dependent upon the earning of profits by the corporation, or whether the existence of the debt itself was conditional upon the earning of profits, which ambiguity could be resolved by parol evidence as to what was said by the employee and others at the directors' meeting.

CONTRACT. Writ dated October 25, 1933.

The action was heard in the Superior Court without a jury by *Morton*, J., who found for the plaintiff in the sum of $8,101.21. The defendant alleged exceptions.

*R. H. Peacock*, pro se.

*C. R. Cabot & H. W. Keyes, Jr.*, for the plaintiff, submitted a brief.

LUMMUS, J. The defendant is the assignee for the benefit of creditors of a Massachusetts corporation called Atlantic Chromium Company. After the plaintiff had served it more than three years as general manager, a dispute arose between him and the corporation as to the amount of his unpaid back salary. This was compromised by an agreement consisting of a vote of the directors on February 7, 1931, accepted by the plaintiff, whereby the plaintiff was to receive $6,337.50 to be paid "from time to time under authority of the Board of Directors and at the rate of not less than 20% of the net earnings in the quarterly or other period which may be used as the time measure for payment, such amount . . . to carry interest at the rate of 5½% on the unpaid balances, interest being computed from January 1, 1930." Later, at a meeting of the board of directors held

on April 2, 1932, at which the plaintiff was present as a member, this promise to the plaintiff was restated, without dissent by him, in terms that the amount was "to be paid only out of profits" and was "to be paid only out of the net earnings." We need not consider the form of the present action, for it has not been questioned, and it is agreed that the result of a finding for the plaintiff will be merely that the plaintiff will be entitled to share *pro rata* in any distribution to creditors made by the defendant.

The whole question is, whether the debt itself was conditional upon the existence of net earnings, or only its payment was to be postponed until such earnings should exist. The judge decided that the latter was the true construction, and that on liquidation the plaintiff is entitled to share as a creditor to the extent of $6,337.50 and interest from January 1, 1930. In arriving at that construction, the judge considered evidence, admitted subject to the defendant's exception, that at the meeting of April 2, 1932, counsel advised the directors that the debt owed to the plaintiff ought to appear on the certificate of condition because the provision for payment out of earnings did not affect the obligation; that there was no dissent from this advice; that at the earlier meeting the plaintiff made it clear to the directors, without dissent, that in case of liquidation his claim was to be paid out of the assets; and that at the meeting of April 2, 1932, there was no suggestion that the words used in the vote of that date varied the meaning of the words used in the vote at the earlier meeting.

There was no error. The words used in the vote of April 2, 1932, taken in connection with the words of the earlier vote, created an ambiguity, which could be resolved by parol evidence of what was said at the meetings. *Matthews* v. *Westborough*, 134 Mass. 555, 561, 562. *Sears* v. *Kings County Elevated Railway*, 152 Mass. 151. Wigmore, Evidence (2d ed.) § 2451.

*Exceptions overruled.*