KoEune et al., Appellants, *v.* State Bank of Schuylkill Haven et al.

Argued December 15, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Graham C. Woodward,* with him *H. C. Bechtel* and *Albert L. Moise,* for appellants.

*Chas. E. Berger,* with him *Vincent J. Dalton* and *J. L. Stauffer,* for appellees.

OPINION BY BALDRIGE, J., January 31, 1939:

The plaintiffs, licensed as public fire insurance adjusters, brought suit against the defendant banks upon a written contract, as modified by parol, to recover the sum of $850 for services rendered to the State Bank of Schuylkill Haven, hereinafter called State Bank, one of the defendants, for adjusting a fire loss to its building. The trial resulted in a directed verdict for defendants. Plaintiffs appealed from the entry on the verdict.

The following facts were admitted in the pleadings offered in evidence by the plaintiffs:

On March 8, 1932, the State Bank sustained a loss by fire to its building. On the same day, the plaintiffs and the State Bank entered into a written agreement, wherein plaintiffs were to act for the State Bank in having its loss adjusted with the various insurance companies, for a fee of $1,000, to be paid when the proofs of loss were sworn to. Plaintiffs agreed therein to guarantee a recovery of the "face value of policies amounting to Fifty Thousand 00/100 Dollars or no charge will be made." The third paragraph provided: "This agreement contains the whole contract between the parties hereto and shall not and will not be changed, altered or amended, except in writing endorsed hereon." It was undisputed that the two other defendant banks assumed all liabilities of the State Bank as of July 5, 1932.

The appellants' assignments all relate either to the trial judge's sustaining the appellees' objections to certain questions asked of appellants' witnesses, or his rejection of appellants' offers of proof. A brief summary of appellants' offers and of the theory upon which they attempted to try their case is necessary to an intelligent review of the questions raised.

The sixth paragraph of appellants' statement alleged: "At the date of the execution of the aforesaid [written] agreement, both plaintiffs' and defendant, State Bank of Schuylkill Haven's authorized officers, Samuel I. Bast, President, and H. M. Oberholzer, Cashier, were under the mistaken belief that the total loss, by reason of said fire, would equal and probably exceed the face value of the policies insuring the same, amounting to $52,500, whereas, upon an adjustment of the loss subsequently made, it was ascertained that the total loss amounted to only $29,578."

The appellants further alleged, and attempted to prove, the following facts: One of the plaintiffs, P. Curtis KoEune, attended a meeting of the board of directors of the State Bank on April 19, 1932, at which its loss was discussed and it was then known to be less than $50,000. The plaintiffs were instructed then by the board to proceed with the adjustment. Proofs of loss were sworn to by the State Bank on April 21, 1932, delivered by plaintiffs, and the sum of $29,578 was recovered. Plaintiffs sent the State Bank a bill for $1,000, which it refused to pay. At a directors' meeting, "plaintiffs were asked to reduce their bill, and said P. Curtis KoEune agreed to accept the sum of $850, in full payment of the sum due plaintiffs under the above mentioned written agreement, and the Board of Directors of said Bank, speaking by said Samuel I. Bast, [president and a director] with the knowledge and acquiescence of the other directors, then and there agreed that the same would be paid by the said defendant, State Bank of Schuylkill Haven."

The substance of appellants' first assignment is that they were not permitted to show by parol evidence, over appellees' objection, that the written contract was modified as the sum of $50,000, guaranteed as the amount to be recovered, was inserted under a mutual mistake of fact.

It is always competent for the parties to a written contract to show by parol evidence a subsequent modification, change, waiver of a condition, or the substitution of a new contract: *Trimble v. Fester,* 106 Pa. Superior Ct. 544, 552, 162 A. 337; *Goldman v. National Refrigerator Co. Inc.,* 120 Pa. Superior Ct. 458, 461, 182 A. 730; *Ross v. Penna. Underwriters' Co. Inc.,* 123 Pa. Superior Ct. 484, 490, 187 A. 62; *Anstead et al. v. Cook,* 291 Pa. 335, 339, 140 A. 139. As stated by the present Chief Justice in *Knight v. Gulf Refining Co.,* 311 Pa. 357, 360, 166 A. 880: "Parties may, by subsequent oral

agreement, modify a written contract which they had previously entered into. The new contract thus agreed upon is a substitute for the original one in so far as it alters, modifies or changes it." While the burden of proof rests on a party seeking a subsequent parol modification or waiver of terms of a written contract, all that is required is that the evidence be convincing to the jury: *Bentz v. Barclay*, 294 Pa. 300, 306, 144 A. 280; *Sferra et al. v. Urling et al.*, 324 Pa. 344, 347, 188 A. 185. Here, however, since the writing contained an express provision that it constituted the entire contract between the parties and should not be modified except in writing, plaintiffs had the burden of proving a subsequent change in the agreement by clear, precise, and indubitable evidence, as in cases where fraud, accident, or mistake is alleged: *Hill & MacMillan, Inc. v. Taylor et al.*, 304 Pa. 18, 155 A. 103; *Russell v. Sickles et al.*, 306 Pa. 586, 591, 160 A. 610; *Lloyd & Elliott, Inc. v. Lang*, 118 Pa. Superior Ct. 190, 195, 180 A. 74; *Nedwidek v. Larson*, 119 Pa. Superior Ct. 198, 202, 180 A. 722. We think the plaintiff's offer, if proved, would have successfully sustained this burden.

Nor is there any merit in appellees' contention that the oral modification, if sufficiently shown, was without consideration. As we stated in *Ross v. Penna. Underwriters Co., Inc.*, supra (p. 491) : " . . . . . . consideration is implied from the mutual assent of the parties to the modification." See, also, to the same effect, *York Metal & Alloys Co. v. Cyclops Steel Co.*, 280 Pa. 585, 589, 124 A. 752; *Friday et al. v. Regent Improvement Co.*, 330 Pa. 481, 485, 199 A. 914.

Appellees, in their supplemental brief, raise a question not referred to in the court below or in the original brief filed in this court. They assert that section 3 of the Act of April 25, 1921, P. L. 276, as amended June 22, 1931, P. L. 605, §4 (40 PS §303), prohibits any oral modification of a public adjuster's contract, which is

required to be in writing. This section provides, in part: "No licensed public adjuster shall, directly or indirectly, act within this Commonwealth as a public adjuster without having first entered into a contract, in writing, in a form approved by the Insurance Commissioner . . . . . ."

While we would ordinarily refuse to consider this point because not raised in the court below *(McCay v. Luzerne & Carbon Co. M. T. Co.,* 125 Pa. Superior Ct. 217, 225, 189 A. 772; *Henes v. McGovern, Admr.,* 317 Pa. 302, 305, 176 A. 503), it is necessary to pass upon it because, if public policy behind the statute forbids suit on anything but the written contract, it would be an absolute bar to appellants' recovery. "A written contract may, *in the absence of statutory provisions requiring a writing,* be modified by a subsequent oral agreement" (italics supplied) : 13 C. J. 593, §609. Our statute was passed apparently as a police measure to regulate in some degree the business of an insurance adjuster or solicitor as a public calling. A duplicate written contract is required in the first instance, open to the inspection of the Insurance Commissioner or his agents, and, further, the adjuster is required to "keep a full record of his transactions as public adjuster," which shall show, inter alia, "the total compensation received for adjustment and the amount of commission, salary or compensation paid to each employe and solicitor" (40 PS §303). It does not, however, forbid parol modification of the original written contract entered into between the adjuster and his client; and we do not consider a parol modification as to the amount of insurance recovered and the consequent amount of compensation charged any evasion of the purpose of the act, which is primarily to make available to the Insurance Commissioner a record of the compensation actually received.

We therefore conclude that there is no such public policy apparent in this statute as would absolutely prohibit the enforcement of the parol modification of ap-

pellants' original written contract as apparently here sought to be established.

What has been said covers appellants' first and third assignments, which are accordingly sustained. Assignments four, five, and six (filed at bar) are to the exclusion by the trial judge of evidence offered by appellants to prove what took place at meetings of the board of directors and officers of the bank held April 19 and June 30, 1932, to which we have heretofore referred, when P. Curtis KoEune, one of the appellants, was present. Appellants' counsel proposed to show that the officers of the bank, with the knowledge and consent of the directors then present, instructed appellants to proceed with the adjustment of the loss after it was discovered that it was not more than $29,578, and that at the meeting of June 30, the officers of the bank, with the approval of the directors, orally agreed to pay appellants $850 in settlement of their claim. In addition to being excluded on grounds already discussed, such evidence was apparently ruled out because the minutes of both these meetings contained no reference to the facts appellants offered to prove relating to the bank's agreeing to pay them $850 for their work. Under the pleadings and offers of proof in this case, the evidence to show what actually took place at these meetings was improperly excluded.

Corporate minutes are only prima facie evidence of the transactions recorded therein; they are not conclusive, and competent testimony contradicting them or showing what actually took place is admissible: *Rose v. Independent Chevra Kadisho,* 215 Pa. 69, 74, 64 A. 401; *Shuman v. Main, Beaver & Black Creek Mut. Fire Ins. Co.,* 265 Pa. 38, 41, 108 A. 265; *Loeffler's Est.,* 277 Pa. 317, 323, 121 A. 186; *Lincoln v. Christian,* 94 Pa. Superior Ct. 145, 152; *McCay v. Luzerne & Carbon Co. M. T. Co.,* supra.

Furthermore, it was competent for the appellants to introduce evidence tending to show that the directors

ratified the alleged oral agreement by the president of the State Bank to pay them $850 for the work done. Proof of ratification need not be confined to formal acts of the board of directors as shown by the minutes of the meeting. It may be established from actions or from passive acquiescence of the directors if they had full knowledge of the facts relating to the president's entering into a contract, notwithstanding he had acted without authority. If the bank accepted the benefits of the contract, it cannot repudiate its agent's authority, and should bear the burden imposed by the contract: *Bagaley v. Iron Co.,* 146 Pa. 478, 23 A. 837; *DeForest v. Northwest Townsite Co.,* 236 Pa. 125, 84 A. 674; *Beltz v. Garrison et al.,* 254 Pa. 145, 152, 98 A. 956; *P. Curtis KoEune Co. v. Manayunk Yarn, Mfg. Co.,* 260 Pa. 340, 103 A. 720; *Grimm v. Mt. Carmel Iron Works,* 69 Pa. Superior Ct. 136.

The fourth, fifth, and sixth assignments of error are also sustained.

Judgment is reversed, and a new trial granted.