## THERMOPOLIS NORTHWEST ELECTRIC CO. v. IRELAND.

### No. 2204.

Circuit Court of Appeals, Tenth Circuit.

March 6, 1941.

Graddus R. Hagens, of Casper, Wyo. (William J. Wehrli, of Casper, Wyo., on the brief), for appellant.

Jackson M. Seawell, of Denver, Colo. (Dines, Dines & Holme, of Denver, Colo., Wilfrid O'Leary, of Cheyenne, Wyo., and Robert E. More, of Denver, Colo., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

Grace M. Ireland, executrix of the last will and testament of Rufus J. Ireland, deceased, sued The Thermopolis Northwest Electric Company for an accounting and to recover upon a resolution of its board of directors indemnifying Ireland against cer-

tain losses. Plaintiff prevailed, and defendant appealed.

Hot Springs Electric Light & Power Company owned and operated a light and power plant at Thermopolis, Wyoming. In December, 1925, Ireland purchased the property of the company at a tax sale for $8,213.33, and a tax sale certificate was issued to him. In February, 1926, he caused Monument Hill Electric Company, a corporation, to be organized with an authorized capital stock of 2,000 shares of the par value of $100 each. The name of the corporation was later changed to Thermopolis Northwest Electric Company. Ireland transferred the tax sale certificate to the corporation and received therefor its note in the exact amount which he had paid for the certificate. The company issued 1997 shares of its stock to Ireland, and the remaining 3 shares to qualifying directors. In consideration for the stock issued to him, Ireland was to secure and did secure for the corporation a new franchise from the town, a contract to light the streets and alleys of the town, a certificate of convenience and necessity from the public service commission of the state, and a contract to obtain electric energy from Northwest Transmission Company. Ireland advanced to the company about $10,000 in cash and it went forward with the business. In October, 1926, the directors of the company adopted a resolution in this language:

"Whereas this corporation purchased from R. J. Ireland, in February, 1926, the old electric power plant, transmission lines, poles, equipment and other rights and properties formerly owned by the old Hot Springs Electric Light & Power Company, acquired by the said R. J. Ireland at a tax sale of said property;

"And Whereas it is claimed by certain parties interested in the old Hot Springs Electric Light & Power Company as stockholders or bondholders, or attorneys or representatives of such stockholders or bondholders, or some of them, that they or the corporation are entitled to recover from the said Ireland such property upon the payment to him of the amount paid by him for such property at such tax sale, together with legal interest thereon;

"And Whereas one Henry T. Clarke has heretofore brought suit in equity in the District Court of the United States for the District of Wyoming, against the Hot Springs Electric Light & Power Company, Wyoming Trust Company, a corporation, Monument Hill Electric Company, a corporation, Maurice Singer, R. J. Ireland and Paul A. Rothwell, which said suit is now pending and undetermined, and is known as No. 1659 in said court;

"And Whereas this corporation now owns all of the property and rights of said R. J. Ireland in and to any and all property and rights formerly owned by the Hot Springs Electric Light & Power Company, and should protect R. J. Ireland as well as itself in such ownership;

"Now, Therefore, Be It Resolved that this corporation, Monument Hill Electric Company, does hereby covenant and agree to indemnify and hold harmless R. J. Ireland from any and all liability incurred or assumed by him by reason of the sale by him to this corporation of the property and rights acquired by him at the tax sale of the property of the old Hot Springs Electric Light & Power Company.

"And Be It Further Resolved that this corporation hold the said R. J. Ireland harmless from any and all damages, expense, loss, or other liability which he may sustain by reason of the suit brought against him and this corporation and others by the said Henry T. Clarke, now pending in the United States District Court at Cheyenne.

"And Be It Further Resolved that in the event it shall be determined by any court of competent jurisdiction that the said R. J. Ireland must return to the Hot Springs Electric Light & Power Company, or to any stockholders or bondholders of such Company, any or all of the property acquired by him at the tax sale of said property and subsequently sold to this corporation, that this corporation shall return such property to the said R. J. Ireland for such purpose upon receipt of the amount of money paid by this corporation to the said R. J. Ireland for such property, together with interest thereon."

At the time of the adoption of the resolution, a suit was pending in the United States Court for Wyoming in which Henry T. Clarke, owner of certain bonds issued by Hot Springs Electric Light & Power Company, was plaintiff and Ireland and others were defendants. Clarke sought on behalf of himself and other bondholders to have the tax sale vacated, the transfer of the certificate set aside, and certain asserted rights of the bondholders protected and enforced. That suit was dismissed without prejudice and a very similar suit was subsequently instituted in the same court. It

was determined in that action that the attempted tax sale was invalid, but that instead of setting aside all of the transactions which had preceded that determination, the bondholders should have judgment against Ireland and the Thermopolis Company in such sum as the court should find upon further hearing to be the value of the property and business of the Hot Springs Company. This court affirmed the decree, with a modification in respect to costs. Clarke v. Hot Springs Electric Light & Power Co., 10 Cir., 55 F.2d 612. The district court determined on the further hearing that the value of the property and business was $92,160; and that amount was on behalf of the Thermopolis Company paid into the registry of the court and distributed pro rata among the bondholders. The Hot Springs Company, and Thomas J. Cuff, trustee for owners of other bonds of the Hot Springs Company, filed a suit against Ireland in the supreme court of Nassau County, New York, in which recovery was sought for more than $200,000. Henry T. Clarke and John T. Clarke intervened in that action. Ireland appealed without avail from an adverse ruling upon his motion for summary judgment. Hot Springs Electric Light & Power Co. and Cuff v. Ireland, 241 App.Div. 738, 270 N.Y.S. 952. Shortly thereafter, Ireland died, and the executrix of his last will and testament subsequently compromised and settled that case as to Cuff for $20,000 in cash.

The court below found, among other things, that after the adoption of the resolution Ireland expended various amounts defending himself in the second Clarke suit, aggregating $12,108.19; that he also spent various amounts defending himself in the Cuff suit, and finally paid $20,000 to settle and compromise it; that the settlement suit was reasonable and advisable; that in the adoption of the resolution, the defendant intended to indemnify Ireland against such expenditures; and that each and all of such expenditures were reasonable, bona fide, and covered by the resolution. Judgment went for $59,288.29, being the aggregate of the expenditures in the two cases.

The finding of the court that in the adoption of the resolution it was the intention of the defendant to indemnify Ireland against expenditures of the kind made in the second Clarke suit and in the Cuff suit is challenged. It is contended that the resolution is clear and unambiguous; that

it cannot be varied by parol evidence; and that it does not cover items upon which indemnification was sought and allowed. To sustain the contention, reliance is placed upon the general rule that where a writing integrates the agreement of the parties under such circumstances that it may be assumed to contain all of the terms agreed upon, it cannot be varied by parol evidence unless its provisions are ambiguous. It is said that a resolution of the board of directors of a corporation comes within that rule. Resolutions or other minutes of a corporation are prima facie evidence of the action taken. But where they are ambiguous or lack clarity, parol evidence is admissible to explain or supplement them, or if they are incomplete to supply the omission. Indian Refining Co. v. Buhrman, 2 Cir., 220 F. 426; In re Country Club Building Corp., 7 Cir., 91 F.2d 713, certiorari denied, Murphy v. Bloom, 302 U.S. 757, 58 S. Ct. 284, 82 L.Ed. 585; Rose v. Independent Chevra Kadisho, 215 Pa. 69, 64 A. 401; In re Loeffler's Estate, 277 Pa. 317, 121 A. 186; State v. Guertin, 106 Minn. 248, 119 N.W. 43, 130 Am.St.Rep. 610; Northland Produce Co. v. Stephens, 116 Minn. 23, 133 N.W. 93; Burr v. Peacock, 292 Mass. 466, 198 N.E. 664; St. Louis, F. S. & W. R. Co. v. Tiernan, 37 Kan. 606, 15 P. 544; Franciscan Hotel Co. v. Albuquerque Hotel Co., 37 N.M. 456, 24 P.2d 718; Bennett v. Madison Sales Co., 264 Ky. 728, 95 S.W.2d 604; Bancokentucky Company's Receiver v. National Bank of Kentucky, 281 Ky. 784, 137 S.W.2d 357, 370; Scotton Motor Co. v. Scotton, 190 N.C. 194, 129 S.E. 198.

Was the resolution sufficiently ambiguous to warrant resort to parol evidence to explain or supplement it? The first Clarke suit was pending, and Cuff was asserting liability against Ireland. Specific reference to the Clarke suit was made in the second paragraph of the resolution, and specific indemnity against it was contained in the sixth paragraph. There was no need or occasion for broad or general language elsewhere in respect of it. But after reciting in the first paragraph that Ireland had acquired the property at a tax sale and had conveyed it to the corporation, it was recited in the second paragraph that "certain parties interested * * * as stockholders or bondholders, or attorneys or representatives of such stockholders, or some of them" claimed that they or the corporation were entitled to recover from Ireland. It was provided in the fifth paragraph that

Ireland be indemnified against "any and all liability incurred or assumed by him by reason of the sale by him to this corporation of the property and rights acquired by him at the tax sale." And it was further provided in the seventh paragraph that in the event it should be determined by any court that Ireland restore the property to the Hot Springs Company, then the corporation should return it to him for that purpose. What parties, stockholders, bondholders, attorneys or representatives of stockholders and bondholders, were referred to in the second paragraph? Certainly not Clarke or others in the suit then pending, for specific reference was made to them and definite indemnity was provided as to them elsewhere in the resolution. Why was general indemnity provided in the fifth paragraph against any and all liability? That could not reasonably have referred to the liability then being asserted in the Clarke suit, for definite and specific indemnity against it was provided at another place. And why was it provided in the last paragraph that the corporation should return the property to Ireland in the event it should be determined by any court that he return it to the Hot Springs Company? The reference to any court suggested very pointedly something more than the court in which the Clarke suit was pending. The resolution indicated a purpose to provide indemnity outside and beyond the pending Clarke suit. But it lacked clarity and was ambiguous in respect to the additional or enlarged protection. Resort was appropriately had to parol evidence to explain or supplement it. Indian Refining Co. v. Buhrman, supra; In re Country Club Building Corp., supra; Rose v. Independent Chevra Kadisho, supra; In re Loeffler's Estate, supra; State v. Guertin, supra; Northland Produce Co. v. Stephens, supra; Burr v. Peacock, supra; St. Louis, F. S. & W. R. Co. v. Tiernan, supra; Franciscan Hotel Co. v. Albuquerque Hotel Co., supra; Bennett v. Madison Sales Co., supra; Bancokentucky Company's Receiver v. Nationel Bank of Kentucky, supra; Scotton Motor Co. v. Scotton, supra.

■■ Stated in composite, the secretary of the corporation who was also a director, and the attorney who was familiar with the situation, who attended the meeting, who made notes of the proceedings, and who subsequently drafted the resolution, testified that the Clarke suit and the Cuff claims were discussed and considered at the meeting, that the directors assured Ireland that he would be indemnified against any and all liability, and that it was the intended purpose of the resolution to do so. And no one present at the meeting testified otherwise. Moreover, the Thermopolis Company employed attorneys in the second Clarke suit and the Cuff suit, made payments on their fees, and otherwise participated in the defense of the two suits. That action clearly indicated the interpretation which the parties themselves placed upon the resolution. The company subsequently failed to pay certain expenses in connection with the Clarke suit and disclaimed any responsibility for the defense of the Cuff suit. Apparently a change in management and control of the company brought about the change in attitude. In view of the clear testimony respecting the purpose of the resolution, and in view of the evidence indicating persuasively the construction which the parties initially placed upon it, it cannot be said that the finding of an intent and purpose to indemnify against expenditures of the kind in question was clearly erroneous, due regard being given to the opportunity of the trial court to judge of the credibility of the witnesses and the weight to be given to their testimony. The finding must therefore stand on appeal. Rule of Civil Procedure 52(a), 28 U.S.C.A. following section 723c.

■■ It is further contended that in any event the resolution covered only legal losses, meaning payments made under legal compulsion; that the sum paid in compromise and settlement of the Cuff suit was voluntarily paid; and that it was paid without notice to the defendant. A sum paid in a prudent settlement of a suit made in good faith is paid under compulsion, within the meaning of an indemnity against losses of the kind asserted in the action. St. Louis Beef Co. v. Maryland Casualty Co., 201 U. S. 173, 26 S.Ct. 400, 50 L.Ed. 712. The company had disclaimed any responsibility to defend the suit, and that constituted a repudiation of its obligation of indemnity. The executrix was authorized to make a reasonable, prudent, and good-faith compromise and settlement, without notice to the company. Hardware Mut. Casualty Co. v. Hilderbrandt, 10 Cir., 119 F.2d 291, decided January 13, 1941.

■ It is also urged that there was no liability in the Cuff suit: that the amount paid was excessive; and that the settlement was improvident. The amount involved in

the suit exceeded $200,000. Ireland had suffered an adverse determination of certain legal contentions upon which he relied. His death meant the loss of his testimony and his aid in the case. The attorney who represented him and later the executrix in the case and the attorneys representing the estate in the probate proceedings joined in recommending the settlement; the surrogate court in New York in which the probate proceedings were pending approved it; and the trial court expressly found that it was reasonable and advisable under the circumstances. We see no occasion to disturb that conclusion.

Other contentions are presented. We have examined them and fail to find merit in any of them.

The judgment is affirmed.